(No. 6112—

FRANCISCAN SISTERS OF THE IMMACULATE CONCEPTION OF THE ORDER OF ST. FRANCIS, ETC., Claimants *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 6, 1975.*

HOLDERMAN, J.

Claimant, owner of St. Anthony's Hospital, filed a claim herein for hospital services supplied to Charles Hamerlinck.

The facts are undisputed. In September, 1969, Charles Hamerlinck, 63 years of age, became a patient at St. Anthony's Hospital and was not discharged until February, 1970. The total charge for the hospital services was $9,231.50, part of which has been paid. In November, 1969, while a patient in the hospital, Hamerlinck applied for Public Aid assistance through the Rock Island County office of the Illinois Public Aid Department. The Rock Island County Public Aid office began an investigation into the eligibility of the patient.

It appeared that previously, in 1967, Hamerlinck had sold his home for a net price of $4,700. In making its investigation, the local Public Aid office could not account for $3,226 of the proceeds and, therefore, could not determine if Mr. Hamerlinck was eligible for Public Aid. In effect, the Public Aid office found that the patient possessed excess assets in the amount of $3,226 and was therefore ineligible for aid. There was an appeal taken from this, and on appeal, the Department concurred in the determination that the patient did possess excess assets and entered its order to that effect on September 11, 1970. No appeal to the Courts was taken from that Department order.

Mr. Hamerlinck's condition improved to the extent that he was able to leave the hospital and go to a nursing home. However, the nursing home wouldn't take him without being assured it would be paid for services it would render him.

In January of 1970, Claimant and the Rock Island Public Aid office orally agreed that the hospital would look to Mr. Hamerlinck for the payment of its bill in the sum of $4,719.80 and that the Department would approve Mr. Hamerlinck as a Public Aid patient retroactive to October 1, 1969. This would facilitate arrangements for the nursing home to accept Mr. Hamerlinck.

A previous suit for the sum due was filed in the Circuit Court by Claimant against the Illinois Department of Public Aid. The Circuit Court dismissed the case on the grounds that the administrative decision rendered by the Department of Public Aid was a final and binding determination of the issues precluding further litigation.

The hospital appealed to the Appellate Court for the Third District of Illinois. The Appellate Court sustained the trial court's dismissal of the action but based its decision on the grounds that the proper forum to litigate the claim was in the Court of Claims. It made no other determination. See *Franciscan Sisters etc. v. Illinois Department of Public Aid, 3 Ill.App.3rd 587, 278 N.E. 2nd 105.* After that court case was dismissed, the hospital filed its claim before this Court.

The authority for payment of the claim is statutory. See *Ill.Rev.Stat., Ch. 23, §11-13.* The provisions of the Public Aid Code authorize payment directly to a firm who supplies goods or services to a recipient; a recipient being a person who is receiving financial aid under any provision of the Code.

The Respondent, State of Illinois, argues that the Claimant herein was a party to the previous administrative proceedings and therefore was barred from making further claim in this Court. This Court previously held, on a motion to dismiss, that the hospital was not a party to the administrative proceedings and therefore was not bound. Our position is that the hospital had no standing to appeal from the prior adverse administrative order. Respondent argues, however, that Claimant assisted the patient in his application for benefits and in his appeal from the local office to the Department; that Claimant was present at the hearing; that counsel testified, stating that he was present on the behalf of the

hospital; that this made him a party to the administrative proceedings. Respondent acknowledges, however, that in order to participate in an administrative review, it is necessary that one be a party of record. See *Winston v. Zoning Board of Appeals, 407 Ill. 588.*

We do not agree that the hospital was a party of record at the administrative proceedings, and no authority has been cited from which this conclusion must be reached. We see no reason to reverse our former holding in this regard.

In further defense of the claim, Respondent contends that Claimant is estopped to deny the validity of its oral agreement with the Rock Island Public Aid office that the hospital would look to Mr. Hamerlinck for payment of its bill in the amount of $4,719.80. The hospital made this agreement in order to facilitate the removal of Mr. Hamerlinck from the hospital to the nursing home. In return, the Department approved Mr. Hamerlinck as a Public Aid patient retroactive to October 1, 1969. This agreement was sometime in January of 1970. Further, Respondent argues that Claimant waived any claim against the State of Illinois. The waiver theory was substantially the same as the estoppel theory. The agreement between the hospital and the local office of the Public Aid was based on the understanding that there were excess assets in the hands of Mr. Hamerlinck, a fact which did not exist. There was thus a mutual mistake in fact which was a part of the consideration for the agreement.

There is a question whether Respondent can raise the issue of estoppel or waiver without having affirmatively pleaded the defenses. *I.L.P., Estoppel, Ch. 2, §36, Vol. 18.*

Estoppel is allowed as a defense when to do otherwise would help perpetrate a fraud or cause injustice. It

is applied when the facts show that a party conducted himself in a way calculated to influence other who have, in fact, been influenced by it and where substantial injustice results unless the party's promise is enforced. *I.L.P. Estoppel, Ch. 2, §24, Vol. 18.*

In the case before the Court, there is no proof of fraudulent intent on the part of the hospital, and no fraud is being perpetrated by refusing to apply the doctrine.

Nor are we impressed with Respondent's argument that Claimant has waived its rights. Clearly there was no intentional relinquishment of a known right. *I.L.P., Estoppel, Ch. 2, §21, Vol. 18.*

Claimant is hereby awarded the sum of Four Thousand Seven Hundred Nineteen and 80/100 Dollars ($4,719.80), the amount unpaid on the Charles B. Hamerlinck hospital bill.