(No. 75-CC-0358—

ILLINI HOSPITAL, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed September 29, 1977.*

POLOS, C.J.

This cause is before the Court for reconsideration of an order of September 2, 1975, in which we denied Respondent's motion to dismiss.

Claimant seeks to recover the sum of $832.99 for hospital and medical services rendered to one Lois G. Taylor. Claimant has alleged that Mrs. Taylor was a "disabled person" within the meaning of Section 3-1 of the Public Aid Code, Ill. Rev. Stat., Ch. 23, §3-1, and that the Illinois Department of Public Aid is therefore liable for the medical services rendered to her by Claimant.

Lois G. Taylor was not a public aid recipient at the time that services were rendered by Claimant, there having been a determination of non-disability by the Illinois Department of Public Aid. Respondent, in moving to dismiss, contends that the finding of the Illinois Department of Public Aid is binding upon Claimant, and that this Court is without jurisdiction to hear a challenge to that finding.

In deciding this issue, the Court is called upon to construe a number of provisions of the Public Aid Code, Ill. Rev. Stat., Ch. 23, § 1, et seq. Claimant relies upon Section 11-13 of the Code, Ill. Rev. Stat., Ch. 23, § 11-13, which provides in pertinent part:

"Vendors seeking to enforce obligations of a government unit of the Illinois Department for goods and services (1) furnished to or in behalf of recipients and (2) subject to a vendor payment as defined in Section 2-5, shall commence their actions in the appropriate Circuit Court or Court of Claims . . ."

*Chapter 23, Sec. 2-5* in turn defines "vendor payment" as "a payment made directly to the person, firm, corporation, association, agency, institution, or other legal entity supplying goods and services to a recipient." "Recipient" is defined by Ill. Rev. Stat., Ch. 23, § 2-9 as "a person who is receiving financial aid under any of the provisions of this Code."

Claimant contends that this statute gives a vendor of services a direct remedy by which it can sue the State

to recover for services rendered to one allegedly eligible for Public Aid benefits. Claimant contends that determination that the person for whom services were rendered was ineligible for benefits, is not binding on a vendor of services.

Respondent, on the other hand, points to Section 11-8 of the Public Aid Code, Ill. Rev. Stat., Ch. 23, § 11-8, which provides that, "Applicants or recipients of aid may, at any time within sixty days . . . appeal a decision denying or terminating aid . . . " Respondent also relies upon Section 11-8.7 of the Code, Ill. Rev. Stat., Ch. 23, § 11-8.7, which states:

"The provisions of the 'Administrative Review Act', approved May 8, 1945, as amended, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Illinois Department on appeals by applicants or recipients . . ."

Respondent therefore contends that only an applicant or recipient of Public Aid can challenge a decision denying or terminating aid, and then only under the "Administrative Review Act."

This Court previously held, in *Franciscan Sisters v. State, 31 Ill. Ct. Cl. 58,* that a vendor of services could bring an action in the Court of Claims to recover for services rendered to a Public Aid recipient. In that action, one Charles Hameretnck was a patient at the Claimant hospital from September, 1969, to February, 1970. He had been declared a Public Aid recipient by the Department of Public Aid, retroactive to October 1, 1969, and the Claimant hospital brought suit to recover for services rendered to him as a recipient.

Here we are presented a substantially different situation, for Lois G. Taylor has never been declared a recipient of Public Aid.

Section 11-13 of the Public Aid Code gives vendors the right to enforce obligations of a governmental unit for goods and services furnished "to or in behalf of

*recipients"* (emphasis supplied). "Recipients" is in turn defined by Section 2-9 of the Code as "a person who is receiving financial aid under any provision of this Code."

We think this language evidences the legislature's intention that a vendor be permitted to maintain an action under Section 11-13 of the Code, only if he has furnished goods and services to or in behalf of one who is already a "recipient" i.e. one who has already been declared eligible for benefits by the Department of Public Aid. Thus a vendor who furnishes goods and services to one who has been determined to be ineligible by the Department of Public Aid, may not bring an action in the Court of Claims to litigate the issue of whether the person for whom the services were rendered was entitled to Public Aid benefits.

This Court's order of September 2, 1975, denying Respondent's motion to dismiss, is accordingly vacated. For the above and foregoing reasons, the Respondent's motion to dismiss this cause is hereby granted.