(No. 83-CC-1318–

MERCY HOSPITAL (Urbana), Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 24, 1985.*

HARRINGTON, PORTER & POPE, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Court being fully advised finds as follows:

The Respondent's liability is limited to paying for services rendered in conformance with the rules and regulations of the Illinois Department of Public Aid (IDPA), as a vendor's right to payment of a claim enforceable against IDPA may be "limited by regulations of the Illinois Department." Ill. Rev. Stat., ch. 23, par. 11—13.

IDPA is only liable to pay for services rendered to

"recipients," *i.e.*, persons who have been determined eligible to receive medical assistance under any of IDPA's programs. (Ill. Rev. Stat., ch. 23, par. 2—5, 2—9; *Illini Hospital v. State* (1977), 32 Ill. Ct. Cl. 115.) Where IDPA's records do not indicate eligibility for a person to whom services have been rendered, and where the Claimant has shown no evidence that IDPA had determined such person to be an eligible recipient, no payment for such services rendered to an ineligible person is due from IDPA.

Under the provisions of 89 Ill. Admin. Code, sec. 120.60, a person who meets all eligibility factors for an IDPA medical benefits program except that the person has more income or assets than allowed using the IDPA income and assets standard, such person's eligibility does not commence until the person has spent enough money (or incurred enough obligations) on medical services to bring his or her income and asset level down to the level of the standard (89 Ill. Admin. Code. secs. 120.20, 120.30). This process is called "spenddown." Where IDPA's records do not indicate eligibility for a person to whom services have been rendered, and where the Claimant has shown no evidence that the person had been determined eligible, no payment for such services is due from IDPA. (89 Ill. Admin. Code secs. 120, 130, 160.) Spenddown is also described in IDPA's *MAP Handbook for Hospitals*, sec. 105. Once such a client incurs obligations equal to the spenddown amount, he becomes eligible; the client remains liable for the liability incurred up to that point; IDPA becomes liable to pay its rates for all subsequent covered services, as long as the client remains eligible. IDPA's liability on a hospitalization is thus equal to the per diem amount for the appropriate number of days, diminished by the

amount for which the client remains liable under the spenddown policy.

It is therefore ordered that:

1. The Claimant be awarded the sum of $2,649.01, the liability for which the IDPA has admitted;

2. The balance of this claim be, and hereby is, dismissed.