(No. 75-550— )

IRVING WEISSMAN, M.D., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 13, 1977.*

SPIVACK, J.

This matter is now before the Court on Respondent's Motion to Dismiss and Claimant's Answer thereto; the parties have each filed briefs and arguments in support of their respective positions; the pleadings, briefs and applicable statutes and regulations have been carefully examined by the Court. In order to properly understand our adjudication of the novel situation herein presented, it is necessary to recapitulate the applicable facts: Claimant, a physician, was a participant in the Medical Assistance Program of the Illinois

Department of Public Aid and rendered services to recipients during the year 1969 in the amount of $24,820.10. On March 22, 1971, the Director of the Department of Public Aid informed Claimant: (i) that he was being removed from further participation in the program (for reasons not here relevant), and (ii) that all unpaid bills that had theretofore been submitted would be paid in accordance with Departmental policy and standards. In early 1974 Claimant first submitted the 1969 bills for payment which were, on April 11, 1974, denied in writing by the Department for the given reason that Federal regulations preclude expenditures of any Medicaid funds for any bill submitted more than 24 months following the date service was provided. Thereupon, on November 25, 1974, Claimant filed the instant cause.

Respondent argues that §22(b), Court of Claims Act, required this Claimant to file his action within one year following "the accrual of the cause of action," as provided in Ill.Rev.Stat., Ch. 23, §11-13. The statutory language is clear and concise, and we agree with the Respondent in this regard. Respondent next contends that the cause of action "accrued" on March 22, 1971, the date as of which the Department informed Claimant that it would honor his unpaid bills submitted as of that date. We are not convinced by Respondent's argument. The letter of March 22, 1971, addresses itself to the issue of unpaid bills already submitted, payment of which had been withheld pending the outcome of the administrative proceedings. The question of outstanding bills for a period during which Claimant was a participant in the program, but which had not been submitted, was never an issue in the proceedings and was not inferentially disposed in said letter.

Claimant argues that the "cause of action accrued" on April 11, 1974, the date of the Department's denial of the 1969 bills which had been submitted early in 1974. For support, he cites Ill.Ann.Stat., Ch. 23, §11-13 as amended, effective January 1, 1973. The section states:

A cause of action does not accrue within the meaning of this paragraph for as long as there is an unrevoked acknowledgment in writing by a governmental unit or the Illinois Department that it accepts the liability, in whole or in part, for a vendor claim submitted to it or, if the vendor claim or any part thereof is not so acknowledged, until the vendor has been notified in writing that the claim or part thereof is disallowed or disapproved.

Although superficially it may seem that the quoted section supports Claimant's position, a closer examination indicates that the section is silent in respect of a precise situation as is here presented. Namely, where no departmental denial of liability is possible because no claim has been presented. We doubt that the Claimant seriously contends that the cause never accrues if Claimant never makes a claim.

We must therefore look further to determine the legislative intent with regard to when the cause of action does accrue as related to the date upon which the services were rendered.

The penultimate paragraph provides the key:

This paragraph governs only vendor payments as defined in this Code and as limited by regulations of the Illinois Department.

Neither counsel for Claimant nor for Respondent has made reference to the Regulations of the Department of Public Aid which became the key to the establishment of the date upon which the cause accrues relative to the date of services rendered. The Court however takes notice of the Regulation entitled "State of Illinois, Department of Public Aid, Medical Assistance Program, Handbook for Physicians." Section 141, *Submittal of Charges,* provides as follows and is dispositive of the issue:

Charges are to be billed as soon as possible after the first of the month following the month in which services were provided; but not later than six months subsequent to date of service. Only those claims which are received by the Department with a date of service within six months prior to the date received will be considered for payment.

Thus in the instant case the cause of action could not have accrued later than six months following the respective date of services and Claimant was bound to have filed this cause by no later than June 30, 1970. This he failed to do.

For the foregoing reasons, Respondent's Motion to Dismiss is granted and the cause dismissed.