(No. 82-CC-2617—

Methodist Medical Center of Illinois, Claimant, *v.* The State of Illinois, Respondent.

*Order filed February 4, 1983.*

Westervelt, Johnson, Nicoll & Keller (D. Phillip Anderson, of counsel), for Claimant.

· Neil F. Hartigan, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause coming on to be heard on the Respondent's motion to dismiss and the Court being duly advised in the premises:

Finds, that the amount the Claimant is seeking in this

matter exceeds the specified contract amount between the Claimant and the Respondent, State of Illinois. This information was acquired from the departmental reports filed by the Illinois Department of Mental Health and Developmental Disabilities and the Illinois Department of Public Aid, State departments or agencies, a copy of which was attached to the Respondent's motion to dismiss. These reports are considered *prima facie* evidence pursuant to Rule 14 of the Rules of the Court of Claims. The departmental reports also establish that 2% transfer funds were not available to be used to pay this claim, and the account from which this claim would have been paid has been completely depleted.

Furthermore, this Claimant is not entitled to reimbursement from the Illinois Department of Public Aid medical indigent funds since the individual to whom the Claimant rendered services was receiving treatment not covered by this program. Also, this claim was filed more than one year after the Illinois Department of Public Aid denied the claim which bars it from this Court's jurisdiction under section 11—13 of the Public Aid Code. Ill. Rev. Stat., ch. 23, par. 11—13.

It is hereby ordered, that this cause be dismissed with prejudice.