(No. 82-CC-1580—

RUSH ANESTHESIOLOGY GROUP and GUPTA GARLAN, M.D., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 14, 1983.*

RUSH ANESTHESIOLOGY GROUP, *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming on to be heard on the motion of Respondent to dismiss, due notice having been given and the Claimants not filing any response thereto, and the Court being fully advised finds as follows:

1. That Claimants, Dr. Garla, a medical vendor, and the Rush Group, are seeking payment from the Illinois Department of Public Aid (IDPA) for medical services rendered by the doctor during November and December 1979, to an infant ward of the Department of Children and Family Services.

2. That, as fully set forth in IDPA's department report, which is *prima facie* evidence of the facts therein set forth, Dr. Garla's December services were billed to IDPA within one month after the services were rendered; however, the bill was rejected for payment, as it failed to identify the patient as IDPA's Medical Assistance Program (MAP). Claimants' bill for such services was later corrected, and has since been approved for payment and paid by IDPA.

3. Claimants acknowledge they have no evidence that the doctor's November 1979 services were ever billed to IDPA on IDPA-prescribed forms, as required by Department Rule 4.015, D.R. Exhibit R-2. This rule (the requirements of which also appear in IDPA's MAP Handbook for Physicians, D.R. Exhibit R-3, as distributed to all MAP participating physicians), also imposes certain

limitations on the State's payment responsibility for such services. Among these is a limit on the period of time, following rendition of services, during which a vendor must bill such services to IDPA in order for the State to be liable for payment.

4. Claimants were thus made aware of the aforementioned requirements, but have failed to document that the November services were ever billed to IDPA. IDPA's six-month deadline for Claimants' initial submittal of a bill for the November services has passed long prior to the commencement of this action. Accordingly, this claim is now ripe for final consideration and adjudication by the Court.

5. A vendor's claim to a vendor payment, enforceable under section 11—13 of the Public Aid Code (Ill. Rev. Stat. 1979, ch. 23, par. 11—13), may be "limited by regulations of the Illinois Department." The above-mentioned regulation (department rule) imposes requirements which Claimants must meet if they are to receive a vendor payment for Dr. Garla's November services. Claimants have not met such requirements.

6. That payment of this claim would be contrary to the above-mentioned regulation.

It is hereby ordered that the subject claim be, and is hereby dismissed, Claimants having been fully paid for the December services and having failed to demonstrate an entitlement to payment for the November services.