(No. 83-CC-1956—)

ROCK ISLAND FRANCISCAN HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 28, 1987.*

GENDE, MESICH & BEATTY, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This cause coming on to be heard on Respondent's motion to dismiss, due notice having been given and the Court being fully advised finds as follows:

Hospital's $781.56 claim, apparently intended to be filed pursuant to section 11—13 of the Illinois Public Aid Code (Ill. Rev. Stat., ch. 23, par. 11—13), seeks a vendor payment from the Illinois Department of Public Aid

(IDPA) on a single patient account, Claimant's provider reference No. 5272075, for which Claimant has identified its patient as either Holly Fordham or Gary Sprague. The claim is for services rendered during an inpatient stay from December 1 through December 4, 1981. This claim raises the issue whether Claimant had lost the opportunity to seek payment of this account, as a result of its failure to submit its invoice for its services until after the regulatory deadline for IDPA's receipt of such invoice.

IDPA's regulation (Department Rule 140.20(c), (d) and (e), published at 89 Ill. Adm. Code 140.20; formerly Rule 4.015) provides: that an invoice (or "vendor-payment claim") must be received by the Department no later than six months following the date on which medical services were rendered; that invoices not so received are ineligible for payment; and that the State has no payment liability for tardily-received invoices.

In the instant claim, the complaint presents three invoices, all apparently prepared by Claimant for the purpose of billing these services to IDPA. In its first two invoices (prepared in December 1981 and May 1982), Claimant identified its patient as Holly Fordham. Claimant has failed to establish that either of these invoices was ever submitted to or received by IDPA. The third invoice, dated January 13, 1983, identifies Claimant's patient, and the recipient of these same services, as Gary Sprague and this invoice was received by IDPA, on January 17, 1983, some 13 months after the services had been rendered. The invoice was disallowed for payment by IDPA (by the rejection message "submitted later than one year after service") as a result of Claimant's failure to submit it within the time prescribed by Rule 140.20.

This third invoice (for patient Sprague) contains no entries in the spaces, or "fields" labelled "Original DCN" or "Voucher Number." In compliance with IDPA's *Handbook for Hospitals* billing instructions, Claimant would have completed these two fields, if this account (whether for services to Fordham or to Sprague) had previously been invoiced to IDPA and disallowed for any reason by IDPA. Claimant's failure to complete these two fields thus serves to confirm that this January 13, 1983, invoice represents its first submittal of its charges on this account to IDPA.

A vendor's right to payment of a claim, enforceable under section 11—13 of the Illinois Public Aid Code, may be "limited by regulations of the Illinois Department." (Ill. Rev. Stat., ch. 23, par. 11—13.) Rule 140.20 is one such limiting regulation. It imposes a deadline requirement on Claimant and other medical vendors with which they must comply if they are to receive payments for services to IDPA recipients. Moreover, as noted in IDPA's report, Claimant has signed a Provider Agreement with the Department, upon enrolling as a Medical Assistance Program (MAP) participant, in which it "agrees to abide by the Department's properly promulgated Rules and Hospital Handbook" requirements, necessarily including Rule 140.20 and a corresponding invoicing deadline set out in IDPA's MAP *Handbook for Hospitals* instructions.

This Court has recognized IDPA's invoice receipt deadline as a requirement with which vendors must comply in establishing their right to be paid for recipients' care. (*Weissman v. State* (1978), 32 Ill. Ct. Cl. 150; *Brokaw Hospital v. State* (1980), 34 Ill. Ct. Cl. 316; *Methodist Medical Center v. State* (1980), 34 Ill. Ct. Cl. 316; *Good Samaritan Hospital v. State* (1982), 35 Ill. Ct.

Cl. 379; and *Rush Anesthesiology Group v. State* (1983), 35 Ill. Ct. Cl. 851.) It appears that reasonable diligence by vendors will allow for IDPA's receipt of their claims within these time limits. Accurate invoice preparation and timely submittal should also assure vendors of prompt payment under IDPA's MAP.

In an order entered on May 3, 1982 (in *Rock Island Franciscan Hospital v. State*, No. 82 CC 899, consolidating six claims), this Court reported concern for the non-payment status of Claimant's accounts for services to IDPA recipients. We expressed the belief that Claimant's proper and timely compliance with IDPA's Rule and Handbook requirements would allow it to be paid promptly for its eligible services, through the Department's administrative channels. We continue to believe that Claimant's adherence to these requirements, in billing such services for payment, will in fact result in Claimant's receiving the "vendor-payments" from IDPA to which it is entitled.

It is hereby ordered that this claim be, and it is hereby dismissed, the Claimant having failed to comply with the invoice receipt requirement of IDPA Rule 140.20.