(No. 83-CC-1456— )

UNITED CAB DRIVEURSELF, INC., Claimant, *v.* THE STATE OF ILLINOIS DEPARTMENT OF PUBLIC AID, Respondent.

*Opinion filed May 1, 1987.*

ROLLAND J. MCFARLAND, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This cause is before the Court on Respondent's motion to dismiss the captioned claim, or alternatively, to strike and dismiss the complaint of the Claimant (United). Claimant having been given due notice, and the Court being fully advised in the premises, finds as follows:

1. Claimant is enrolled as a vendor, or "service provider" of medical transportation services to persons who are "recipients" as defined in section 2—9 of the Public Aid Code (PAC) (Ill. Rev. Stat., ch. 23, par. 2—9). Such recipients receive State-paid benefits under the medical assistance program administered by the Illinois Department of Public Aid (IDPA). In this action, filed

pursuant to section 11—13 of the PAC, United is apparently seeking "vendor payments" (section 2—5 of the PAC) of from $3,400.10 to $5,550.90 in payment for services furnished during February through July 1982. The Complaint offers no other, more specific identification of the services, or service accounts on which United is basing its claim.

2. In its Court Rule 14 department report, IDPA denies that Respondents are indebted to United in any amount; and advises that United is indebted to IDPA for an unpaid $19.70 balance on a cash advancement which Respondents had previously made to United. Respondent's position is that, except for the cash advancement, this claim is similar in subject matter to the other "section 11—13" medical vendor claims which have been filed in this Court against IDPA.

3. IDPA also reports certain procedural deficiencies and omissions in United's pleadings and exhibit documentation, which it states have hindered investigation of the claim. These include United's failures:

a. to identify (in a "bill of particulars" list) the specific service accounts (recipients' identities, dates served, specific dollar amounts charged on each service account) on which United bases this aggregate claim;

b. to plead specifically, and document that each such account was presented for payment on an IDPA invoice to that agency; and

c. to plead specifically, and document what specific "action /was/ taken" by that agency on each such invoice (e.g., in an IDPA remittance-advice "voucher" response).

The report notes that, under Court Rule 5, the obligations to plead "in detail each item of damages, and the amount claimed on account thereof," and to identify specifically, and document prior presentations and agency responses, are United's responsibility, not Respondent's. IDPA asserts that the fundamental requirements of notice pleading require United to plead specific factual allegations; and that, unless United presents its claim in the degree of specificity called for by Court Rule 5, it will be extremely difficult for the Department to investigate the merits of the claim effectively. See this Court's March 1, 1982, order in *Barnes Hospital v. State*, No. 82 CC 708 *et seq.*

4. According to the report, United has attempted to meet its burden of pleading and documenting the component accounts of its claim by tendering its "Group Exhibit A," a file of "approximately 1,000 pages of documents" including invoice copies (apparently for both paid and unpaid accounts), IDPA's voucher responses, and other miscellaneous bookkeeping records. In thus responding to Respondent's discovery and bill-of-particulars requests, United infers that Respondent is obliged to sort through and organize its records, identify and separate the "paid" accounts from those which may be "unpaid," and then attempt to construct the components of the Court claim which United has filed. Respondent denies that it has any responsibility for developing and presenting United's claim. They contend that their obligation is limited to responding to the specifics of the claim, once United has presented it in accordance with Court rule requirements.

5. IDPA further reports that its staff, and the Clerk of this Court, have developed a set of sample pleading forms, including a bill-of-particulars form and related

instructions, which medical vendor Claimants may choose to follow in commencing section 11—13 actions against IDPA. These forms are designed to assist such Claimants in presenting their claims in accordance with Court rules and with IDPA's own regulations and requirements for vendor invoicing. They offer the additional benefit of encouraging a consistent and orderly presentation of such claims, thereby permitting IDPA staff to investigate them effectively and efficiently.

Based upon the foregoing, the Court makes the following additional findings:

6. United's claim, as thus presented, does not state a cause of action on which this Court could grant any relief. Before addressing any matters raised in defense (*e.g.*, prior payment via cash advancement), the Court must first determine whether United's complaint (a) complies with the provisions of Court Rule 5, and (b) offers Respondent reasonably fair notice of specific factual allegations which it could investigate and respond to. Based upon the deficiencies outlined above, we find that the complaint does not comply with Rule 5's requirements. We further find that the complaint fails to provide Respondent with fair notice of which specific accounts comprise this claim, of United's "previously presented" invoices on those accounts, of IDPA's responses or other "action taken," or of other "details" required if IDPA can be expected to report to the Court in a meaningful way.

7. In this regard, we note the Complaint alleges United's "total billings" on a month-by-month basis (whether by month-of-service or month-of-invoicing is not indicated), and of the dollar totals of amounts allowed and disallowed by IDPA under section 11—13.

This summarized statement of bookkeeping balances does not represent the detailed allegations which a proper investigation of this claim would require.

8. United's tender of a file containing its bookkeeping records, invoices and vouchers is not an appropriate substitute for the proper pleading of its claim. At this juncture, United's complaint asserts, in essence, that it has been underpaid by from $3,400.10 to $5,550.90, its claim representing the difference between the total of a substantial number of individually-invoiced accounts and the total of IDPA's payments and credits. Investigation can occur only after the correct "pieces" of the claim are identified and assembled, and the completed "puzzle" is available for review. Respondent is not obliged to determine which pieces "fit" and which do not, or to attempt to assemble a claim which "fits" the complaint, because the constituent pieces are the product of United's selection. United must identify its selected accounts, and then proceed to meet Rule 5's requirements as to each of them.

9. United has not met its pleading responsibilities simply by alleging that it "disputes all rejected (disallowed) amounts," and that it did in fact perform the services invoiced. In its report, IDPA advises that a vendor's right to be paid for services is contingent upon its timely submission of properly prepared and documented invoices. The Department asserts that its invoicing requirements are explained in its Medical Assistance Program (MAP) *Handbook for Transportation Services*, and that such requirements correspond to IDPA regulations and policy. These Handbooks were furnished to United and other vendors upon their enrollment; and United has, by written agreement, committed itself to complying with all Handbook

requirements. The extent of United's compliance can only be assessed by the parties and the Court after United has adequately presented the accounts on which it bases this claim, and after IDPA has investigated as to those accounts.

10. Court Rule 9 provides that a Claimant's failure to comply with the provisions of Rule 5 shall be grounds for dismissal of its claim.

It is therefore hereby ordered:

That Respondent's motion to dismiss is hereby granted, and Claimant United's complaint is hereby stricken as insufficient in form and substance, as not complying with the rules of this Court, and as failing to state a cause of action on which relief may be granted;

That Claimant is given thirty (30) days from the date of this opinion in which to file an amended complaint. Any amended complaint hereinafter filed by Claimant shall utilize the form and format of the IDPA Medical Service Provider Complaint available from the clerk of this Court, including the submission of a completed bill of particulars as therein indicated, and shall set forth the specific detail of Claimant's individual accounts required by that form and the related instructions.

That, if Claimant should fail to file its amended complaint within the time herein specified, then this claim and cause of action shall stand dismissed with prejudice, and the clerk of this Court shall thereupon record such dismissal on the Court's records pertaining to this claim.