(No. 81-CC-2487—

CONVALESCENT HOME OF THE FIRST CHURCH
OF DELIVERANCE, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed December 20, 1988.*

BERNARD ALLEN FRIED, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHY O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

Raucci, J.

The Claimant, an Illinois not-for-profit corporation, filed this action seeking judgment in its favor in the amount of $170,121.

The Claimant alleged that it was a licensed nursing home, that it provided medical and other care to needy and indigent persons, specifically, residents admitted to the Claimant's home under provisions of the appropriate regulations of the Illinois Department of Public Aid, and that said residents were provided with room, board and nursing care.

The following events have occurred in this case:

1. This matter was first set for pretrial on October 21, 1981, and subsequent to that pretrial, conferences were held and continued from time to time.

2. A total of 15 pretrial conferences were held during which time Claimant admitted that it had been paid for many of the items listed in its Complaint and that its claim should only be considered for several residents.

3. This matter was set for hearing for May 10, 1985, the parties did appear and the hearing took place. Claimant offered the testimony of Arthur Sloan, a secretary for the Claimant.

4. After the testimony of Mr. Sloan, Claimant rested.

5. At the conclusion of Claimant's case, the Respondent moved for a directed verdict. Respondent stated it wished to stand on its motion and not produce any witnesses. The parties were allowed time to file briefs. No briefs were filed.

6. The following was recommended:

Section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1110), applies to proceedings before a Commissioner of the Court of Claims on any proceedings before the Court of Claims. The Claimant had the responsibility of proving the allegations contained in this Complaint with regard to authorization to provide the services indicated, appropriate billing for services indicated, and failure of the Respondent to compensate for said services billed.

The Claimant offered the testimony of Arthur Sloan. No other evidence was submitted. Mr. Sloan's testimony failed to indicate the identity of parties, patients or residents for which services were provided. His testimony never indicated why the Department of Public Aid was responsible for providing compensation for said service and no specific dates of service were indicated.

The witness refreshed his memory from a list of patients in the home, a document to which the witness referred during his testimony. However, the document was not admitted into evidence, the witness never indicated the exact amount for which it claims the Department failed to provide compensation and further testified that he did not prepare said document.

The Claimant, though offered ample opportunity, failed to produce the preparer of said document for further testimony and never offered any further documentation or evidence other than the testimony of Arthur Sloan.

This Court finds that the Claimant failed to make a *prima facie* case and the Respondent's motion for directed verdict was timely and appropriate. The Claimant has had ample time to file any memorandum other than its response to the motion and has had ample time to file for reopening of proofs or for a new hearing.

The Claimant having wholly failed, from 1981 through the present, to produce evidence to support its complaint, the claim must be denied.

It is ordered, adjudged and decreed that this claim is dismissed.