(No. 89-CC-0884–)

UNIVERSITY OF CHICAGO PROFESSIONAL SERVICES OFFICES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 27, 1990.*

BURTON A. BROWN, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

This vendor-payment action identifies Claimant as University of Chicago Professional Services Offices, apparently a physician group practice, and Department of Public Aid (IDPA) as responding agency. The claim seeks payment of medical services rendered to patient Waicosky, an IDPA recipient, during the period October 23 through November 20, 1986. The complaint lists the patient's name and IDPA-assigned recipient ID number (RIN); however, there is no verifiable allegation that Claimant's physicians' charges for any of the subject services had been invoiced to IDPA for payment.

## No Disclosure of Proper Claimant

IDPA's department report challenges Claimant group practice's standing to bring this action, and Claimant's failure adequately to identify the physician or physicians who actually rendered the services here at issue. Enrollment as a participant in IDPA's Medical Assistance Program (MAP) is a condition precedent to a physician's right to claim payment for services rendered to IDPA recipients. (*Canlas v. State* (1987), 39 Ill. Ct. Cl. 150; *Krakora v. State* (1987), 40 Ill. Ct. Cl. 233; *Simon v. State* (1987), 40 Ill. Ct. Cl. 246.) As IDPA permits enrollment only of individual physicians, not their group practices, and as ownership of the right to receive a vendor payment ordinarily may not be assigned (Ill. Rev. Stat., ch. 23, par. 11—3; *Atherton v. State* (1982), 35 Ill. Ct. Cl. 387), only the physician or physicians who rendered the subject services would have standing to be Claimants in this action. *Pinckneyville Medical Group v. State* (1988), 41 Ill. Ct. Cl. 176.

As the complaint fails to identify the actual vendor(s) of these services, IDPA is unable to investigate each vendor's MAP-enrollment status as of the dates on which the services were rendered; nor can it determine whether any of such vendors' specific services may previously have been invoiced and paid.

No Allegations of Previous Claim Presentation and of Responding IDPA Action

A second deficiency concerns the absence of any verifiable allegation that charges for these services had been invoiced to IDPA, prior to Claimant's filing of this Court action. Although Claimant's medical vendor-form complaint alleges that

" * * * the amounts invoiced to the Department for such services, the dates and sequence of Claimant's invoices to the Department, and the actions of the Department in response to those invoices (and the dates of such actions)"

were as itemized in its attached bill of particulars, neither the bill of particulars nor any of the complaint exhibits identify specific DPA-form invoices, containing charges for specifically identified medical procedures or other services as rendered by specifically identified vendors. According to IDPA's report, the prescribed IDPA invoice form and related MAP *Handbook For Physicians* instructions require that the physician identify each procedure or service performed by the date thereof and by specific numerical procedure code (see *Simon*, at 248; *Methodist Medical Center v. State* (1986), 38 Ill. Ct. Cl. 208, 210; *Memorial Medical Center v. State* (1988), 40 Ill. Ct. Cl. 73, 75), and that the invoice identify the physician who performed the procedure. The complaint here fails to supply any IDPA invoice form or any other description of the medical procedures for which payment is sought.

Our requirement in section 790.50(a)(3), (a)(9) of

the Court of Claims Rules (74 Ill. Adm. Code 790.50(a)(3), (a)(9)), and section 11 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.11), that Claimants plead, fully and in detail, both their prior presentations of claims to a State department and the department's responding actions, is especially appropriate when applied to complaints filed pursuant to section 11—13 of the Public Aid Code by vendors of medical services and goods furnished to recipients of public aid. (Ill. Rev. Stat., ch. 23, par. 11—13.) *United Cab Driveurself, Inc. v. State* (1987), 39 Ill. Ct. Cl. 91; *Barnes Hospital v. State* (1982), 35 Ill. Ct. Cl. 434; *Rock Island Franciscan Hospital v. State* (1982), 36 Ill. Ct. Cl. 377; *Convalescent Home of the First Church of Deliverance v. State* (1988), 41 Ill. Ct. Cl. 39.) A vendor's obligation specifically to plead its prior invoices submitted to IDPA, and the Department's voucher-responses, is directly related to the requirement, in IDPA Rule 140.20 (89 Ill. Adm. Code 140.20), that such invoices be timely submitted to and received by IDPA.

The significance of IDPA Rule 140.20 is that it obligates medical vendors to present their service charges to the Department in a prescribed manner and within a prescribed time, if a vendor expects to be paid by the State for services rendered to IDPA recipients. As noted here in the Department's report, IDPA staff typically receive no advance notice, from either vendor or patient, that specific medical services are to be performed or have been performed other than the vendor's charges for services as presented to IDPA on IDPA invoice forms. The use of such forms is mandated by subsections (a) and (b) of the Rule. The requirements for completion of these forms, and the provisions of Rule 140.20 itself, are contained in IDPA's MAP *Handbook*, a copy of which has been issued to each

vendor upon enrolling as a MAP-participant. Accordingly, each participating vendor has received notice that only IDPA-form invoices are to be used in presenting charges for such services, that services are to be identified, and the invoice-forms completed and certified in accordance with *Handbook* instructions, and that properly completed invoices must be received by IDPA within the time prescribed in Rule 140.20, in order for the State to have any liability for payment.

In a series of decisions, this Court has given recognition to IDPA's regulatory requirement that vendors' initial invoices, charging for goods and services supplied to recipients, must be received by the Department within six months following the date services were rendered or goods supplied, in order for Respondent to be liable for paying such charges. *Weissman v. State* (1977), 31 Ill. Ct. Cl. 506; *Rush Anesthesiology Group v. State* (1983), 35 Ill. Ct. Cl. 851; *St. Joseph's Hospital v. State* (1984), 37 Ill. Ct. Cl. 340; *St. Anthony Hospital v. State* (1984), 37 Ill. Ct. Cl. 342; *Mercy Hospital v. State* (1985), 38 Ill. Ct. Cl. 389; *Mercy Hospital v. State* (1985), 38 Ill. Ct. Cl. 388; *Bethesda Hospital v. State* (1986), 39 Ill. Ct. Cl. 299; *Louis A. Weiss Memorial Hospital v. State* (1986), 39 Ill. Ct. Cl. 299; *Riverside Medical Center v. State* (1986), no. 84-CC-1671; *St. Bernard Hospital v. State* (1986), 39 Ill. Ct. Cl. 300; *Rock Island Franciscan Hospital v. State* (1987), 39 Ill. Ct. Cl. 100; *Canlas, Krakora, Simon* and *Pinckneyville Medical Group*, all cited above; and *Passavant Area Hospital v. State* (1988), 41 Ill. Ct. Cl. 222. We have also considered exceptions to the six month invoicing deadline, available in certain circumstances under subsection (c) of IDPA Rule 140.20. *Rock Island Franciscan Hospital v. State* (1984), 37 Ill. Ct. Cl. 343; *Franciscan Medical Center v. State* (1988), 40 Ill. Ct.

Cl. 274; *Riverside Medical Center v. State* (1988), 40 Ill. Ct. Cl. 275; *Pilapil v. State* (1988), 41 Ill. Ct. Cl. 217; *Pilapil v. State* (1988), 41 Ill. Ct. Cl. 223; and *Treister & Wilcox v. State* (1989), no. 85-CC-2097.

IDPA further reports that five physicians had submitted their IDPA-form invoices to the Department for services to Waicosky, rendered during the same time span as the services for which Claimant here seeks payment, and that said invoices were timely received and were paid by IDPA. These vendor payments establish that Claimant's physicians could have invoiced the subject services for MAP adjudication prior to the deadline set in Rule 140.20.

Respondent has moved for summary judgment on this claim, in accordance with section 2—1005 of the Illinois Civil Practice Law (Ill. Rev. Stat., ch. 110, par. 2—1005), based upon Claimant's failure to allege or establish that any of the subject services had been invoiced to IDPA in the manner and within the time prescribed by subsections (a), (b) and (c) of IDPA Rule 140.20. Compliance with such requirements is an essential element of a section 11—13 (Ill. Rev. Stat., ch. 23, par. 11—13) vendor-payment action; see *Canlas*, at 152; *Krakora*, at 237, 238; *Simon*, at 249. On or about January 12, 1990, the Claimant was granted 28 days to respond to the Respondent's motion. The Claimant did not respond. We grant Respondent's motion.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment on the complaint and respective underlying causes, on the grounds addressed above in this opinion, is hereby granted; judgment as to all issues is entered against Claimant and its vendors and in favor of Respondent herein; and this claim is dismissed with prejudice.