(No. 90-CC-0438—▮▮▮▮)

JOHN PETERSON, M.D., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 29, 1990.*

JOHN PETERSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION AND JUDGMENT

RAUCCI, J.

This vendor-payment action, filed under section 11—13 of the Public Aid Code (Ill. Rev. Stat., ch. 23, par. 11—13), is before the Court on Respondent's motion for summary judgment, made pursuant to section 2—1005(b) of the Code of Civil Procedure (Ill. Rev. Stat.,

ch. 110, par. 2—1005(b)). Respondent cites the absence in Claimant's complaint of any showing that the Illinois Department of Public Aid (IDPA) had received a DPA-form invoice of Claimant's charge for the subject medical service within the one-year time period prescribed for such receipt by IDPA Rule 140.20 (89 Ill. Adm. Code §140.20; reprinted at Topic 141 of IDPA's MAP vendor *Handbooks*) and by Federal Medicaid regulation (42 C.F.R. §447.45(d).)

Claimant, Dr. Peterson, alleges a DPA form 2360 invoice of this service, bearing a signature date which implies that said invoice had been prepared within three months after the service had been rendered. Nothing in his complaint indicates, however, that said invoice had ever been received by IDPA. No IDPA voucher-response (or "remittance advice") is offered as evidence of such receipt; and neither a document control number (or "DCN," which IDPA reports it assigns to each invoice received) nor an IDPA voucher number is alleged in Claimant's bill of particulars. (*Rock Island Franciscan Hospital v. State* (1987), 39 Ill. Ct. Cl. 100, 102.) Claimant does not allege here that he had submitted to IDPA either a written inquiry as to the status of said invoice, or a replacement "rebill-invoice," within sixty days after said invoice had allegedly been prepared, as suggested in Topic 144 of IDPA's Medical Assistance Program (MAP) *Handbook For Physicians.* (See *Simon v. State* (1987), 40 Ill. Ct. Cl. 246, 250-51; and *Franciscan Medical Center v. State*, No. 86-CC-0368.) As noted in IDPA's report herein this initial invoice, Claimant alleges in his complaint was apparently prepared at least ten months following the signature date listed on it.

IDPA policy provides that, except for vendor-payment claims submitted to the Department on

unapproved forms or otherwise facially unacceptable for automated processing,

"all claims [vendor invoices] received are assigned a Document Control Number, microfilmed and computer processed [for assessment of payment entitlement]. The action taken on each [invoice] so processed is reported to the provider [vendor] on Form DPA 194-M-1, Remittance Advice [or voucher-response]." (MAP *Handbooks,* Topic 144.)

Thus, if IDPA had received the initial invoice which Claimant here alleges, then Claimant should be able to produce or identify IDPA's voucher-response to that invoice for the purpose of pleading IDPA's "action taken" in respect to it, as required by Court Rule 5(A)(3)(b) (74 Ill. Admin. Code §790.50(a)(3)(B)). (*Treister & Wilcox v. State,* 42 Ill. Ct. Cl. 185, and *Franciscan Medical Center v. State,* No. 86-CC-0368, cited *supra.*) Claimant should be able to produce any such voucher, because State and Federal Medicaid regulations obligate vendors to maintain and retain all of their business and professional records relating to their services rendered to IDPA recipients. (89 Ill. Admin. Code §140.28; 42 C.F.R. §§431.17, 431.107(b); and see the MAP *Handbook,* Topics 112, A-205, A-230 and A-240.) And, as discussed above, there is no indication that Claimant had taken any follow-up action in respect to said initial invoice, as suggested in *Handbook* Topic 144.

Absent some showing by Claimant that IDPA had received a timely-submitted invoice from him, the complaint here lacks an element which the Court has found to be essential to a section 11—13 vendor-payment action, since there is no *prima facie* showing that any invoice of the service had been received within the prescribed time "as limited by [IDPA's] regulations" (Ill. Rev. Stat., ch. 23, par. 11—13). As we have held:

"The vendor must have invoiced his services to the Department, on IDPA invoice-forms which have been properly prepared by the vendor and timely submitted to IDPA, in accordance with Department *Handbook* instructions

and regulatory requirements (IDPA Rule 140.20, *Id.*)" (*Canlas v. State* (1987), 39 Ill. Ct. Cl. 150, 152;)

and see *University of Chicago Professional Services Offices v. State* (1990), 42 Ill. Ct. Cl. 277, and prior decisions therein cited; and *United Cab Driveurself, Inc. v. State* (1987), 39 Ill. Ct. Cl. 91, 92-93. One practical consequence of Claimant's invoicing delay is that, if this claim were now to be paid, Illinois would not be entitled to FFP (Federal financial participation) in any such payment; see *Memorial Medical Center v. State* (1988), 40 Ill. Ct. Cl. 73, 78-79; and *Pinckneyville Medical Group v. State*, No. 87-CC-0962.

We note that if Claimant had timely submitted his invoice of this service (or if he had followed *Handbook* Topic 144's suggestion by timely submitting a replacement-invoice) so as to allow for its receipt prior to IDPA Rule 140.20's deadline, then his compliance with both the State and Federal regulatory requirements could have been assured; and IDPA's administrative payment of his claim could have resulted. As Claimant did not comply, and as such noncompliance is evident on the face of his complaint herein, the Court will grant the relief which Respondent has requested.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment is granted, Dr. Peterson having failed to establish that he had invoiced the subject service and charge to IDPA within the time prescribed by the applicable regulations. Judgment is hereby entered for Respondent, and against Claimant, as to all issues presented in this matter.