(No. 89-CC-0507—■)

St. Mary of Nazareth Hospital Center, Claimant, v. The State of Illinois, Respondent.

*Opinion filed January 8, 1991.*

Grabowski & Clutts, for Claimant.

Neil F. Hartigan, Attorney General (Steven Schmall, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Raucci, J.

Claimant hospital is here seeking a vendor payment, from the Medical Assistance Program (MAP) administered by the Illinois Department of Public Aid (IDPA), for eleven days of psychiatric inpatient services which it had rendered during November 1987 to patient Varner, a 24-year-old recipient of General Assistance. Claimant had invoiced its charges for said services to IDPA; and IDPA notified Claimant that payment was being refused because the services provided to Mr. Varner were "not covered for [the] recipient category" of which he was a

member, viz., the General Assistance (GA) category as provided for in Article VI of the Public Aid Code. This matter is now before the Court on the cross-motions of the parties for summary judgment.

The issue thus presented is whether a hospital's psychiatric inpatient care is a covered service, entitled to a vendor-payment under IDPA's MAP, when rendered to a GA recipient.

Claimant hospital takes the position that nothing in the Public Aid Code (or "PAC," Ill. Rev. Stat., ch. 23, par. 1—1, *et seq.*) authorizes IDPA to deny MAP coverage for "essential medical care" (par. 5—1, *Id.*) or other "necessary treatment" (§6—1, *Id.*), including psychiatric inpatient services, provided only that the person who received such medical care was "receiving [a] basic maintenance grant" (par. 6—1, *Id.*). Claimant contends that any recipient who is receiving cash-grant assistance—thus including all GA recipients—is automatically entitled to receive the full range of medical services described in Article V, as well as in Article VI, of the PAC.

In responding, the State notes that MAP-covered services available to GA recipients are restricted to those enumerated in IDPA Rule 140.5 (89 Ill. Admin. Code §140.5, formerly IDPA Rule 4.011). Rule 140.5 expressly provides that "psychiatric services are not covered for GA and AMI [PAC Article VII] recipients" when provided in a hospital-inpatient setting. The restrictions are also explained in Topic H-220 of IDPA's MAP *Handbook For Hospitals*. Claimant hospital, in contracting with IDPA to perform services for its recipients, had agreed to abide by the Department's vendor *Handbook* and notice policies, and its rules and regulations. This Court has previously upheld IDPA's refusals to make

vendor-payments for psychiatric inpatient services, when rendered to GA or AMI recipients; as examples, see our opinion filed December 30, 1985, in *Mercy Hospital v. State*, No. 82-CC-2504; and *Methodist Medical Center of Illinois v. State* (1983), 35 Ill. Ct. Cl. 871.

As authority for its adoption of Rule 140.5's restrictions on GA medical assistance, IDPA cites the general regulatory powers set out in section 12—13 of the PAC; and in section 6—2 of Article VI thereof, which provides that

"[p]ayments *may* also be made to provide persons receiving [GA] basic maintenance support with necessary treatment, care and supplies required because of *illness or disability.*" (Emphasis added.)

The First District Appellate Court, in *Miller v. IDPA* (1981), 94 Ill. App. 3d 11, 49 Ill. Dec. 534, *cert.* denied 85 Ill.2d 566, addressed the same issue of statutory authority for restricting the scope of GA medical services which Claimant raises here; and concluded:

"The decision as to whether these services and others are to be provided has *not* been conclusively made by the legislature. Rather, the decision has been left to IDPA, to be made through the agency's utilization of the administrative discretion granted to it by the terms of the statute." (*Id.*, 94 Ill. App. 3d 17; 49 Ill. Dec. 540-41; emphasis in original.)

Distinguishing between section 6—1's "eligibility standards" and section 6—2's "amount" provisions, the *Miller* Court found that the latter section confers broad discretion upon IDPA in its efforts to adjust "the extent and types of assistance to be forthcoming under the GA program within the broad borders which the statute outlines" (*Id.*, 94 Ill. App. 3d 19; 49 Ill.Dec. 542), consistent with the numbers of GA recipients, expanding program costs and State budgetary constraints.

The influence of budgetary limits on the availability of GA and AMI medical services was demonstrated in

313

*Warrior v. Thompson* (1983), 96 Ill.2d 1, in 70 Ill.Dec. 179, in which the Supreme Court rejected challenges to emergency funding restrictions imposed by the General Assembly and the Executive upon such services.

Having examined the parties' contentions, the Court finds: that the psychiatric inpatient services which Claimant provided to GA recipient Varner were expressly excluded from MAP coverage in IDPA Rule 140.5; that said rule, and above-referenced provision of IDPA's *Handbook For Hospitals* had notified Claimant that said services, if rendered to members of the GA category, were not covered services, and thus would not be entitled to a vendor-payment; that Claimant had committed itself to this coverage exclusion, in its contract with IDPA; and that IDPA had the requisite authority to adopt said regulatory exclusion.

It is therefore hereby ordered and adjudged that Claimant's motion for summary judgment is denied; that Respondent's cross-motion for summary judgment is granted; and that Claimant's claim for payment of the subject services is denied.