(No. 87-CC-0538—

E. R. Tennant, O.D., Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed October 28, 1991.*

E. R. Tennant, *pro se*, for Claimant.

Roland W. Burris, Attorney General (Steven Schmall, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Burke, J.

In this section 11—13 (Ill. Rev. Stat., ch. 23, par. 11—13) action, Dr. Tennant is seeking vendor-payments under the Medical Assistance Program (MAP), administered by the Illinois Department of Public Aid (IDPA), for optometric goods and services, rendered to three patients.

IDPA's investigation of this Court claim has been hindered by Claimant Tennant's failure to amend his lapsed-appropriation complaint, in order to present his allegations in support of this claim on a medical-service vendor complaint form, although requested by IDPA to do so. The Court concludes that confusion as to the MAP-eligibility of Claimant's patients and the identities of his services which are the intended subject of this claim could have been avoided if Claimant had made

use of the complaint form designed for presentation of such actions. See *United Cab Driveurself, Inc. v. State* (1987), 39 Ill. Ct. Cl. 91; and *St. John's Hospital v. State* (1988), 41 Ill. Ct. Cl. 217.

The first of Claimant's accounts is for undisclosed services, rendered on either April 12, 1985, or on or before June 27, 1986, to patient Gonzalez, a foster-care ward of the Illinois Department of Children and Family Services (DCFS). For reasons explained in our May 24, 1990, opinion in *Gupta v. State* (1990), 42 Ill. Ct. Cl. 269, Claimant's complaint properly named IDPA as the responding agency, concerning his services to Gonzalez. The second account concerns undisclosed services, rendered on either March 20, 1986, or on or before June 27, 1986, to patient Rezmer, also an IDPA recipient.

*No Disclosure Of Patient's MAP-Eligibility.* Claimant's third account relates to services, also undisclosed, rendered on or before June 27, 1986, to patient Mr. Terrie Ott. IDPA's report notes Claimant's failure to offer any showing that patient Ott is or had ever been an IDPA recipient. Such failure is to be contrasted with our requirement

"that in every vendor-payment action brought before this Court, it is the vendor's burden initially to allege in its complaint documented proof that IDPA had determined its patient to be a recipient, with respect to the date or dates on which the vendor furnished the goods or services which are the subject of its proposed claim ° ° °." *Mercy Hospital & Medical Center v. State* (1988), 40 Ill. Ct. Cl. 269.

The Department advises it finds no record (given the limited information which Claimant supplied) of Ott's MAP eligibility.

*No Disclosure Of Service-Identification, Service-Date(s), MAP-Coverage Or Compliance With Prior-Approval Requirements.* As required by IDPA's MAP *Handbook For Optometrists,* optometrists are to

identify their optical goods and services provided to recipients by use of specific, five-digit procedure codes as listed in the *Handbook*, and the date on which each optical product was dispensed or service rendered, when invoicing their charges for same to IDPA. This encoded identification of goods and services is similar to that required in invoices submitted by hospitals and physicians. (*University of Chicago Professional Services Offices v. State* (1990), 42 Ill. Ct. Cl. 277, and decisions therein cited.) Certain optical goods and services are "MAP-covered" and thus eligible for payment by IDPA, while others are not; the scope of MAP coverage is explained in IDPA Rules 140.416 and 140.417 (89 Ill. Admin. Code §§140.416, 140.417), and in *Handbook* Topics 0—220, · *et seq.* Similarly, certain goods or services may be "covered" (and thus eligible for MAP payment) only if the optometrist has first obtained the IDPA professional staff's prior approval of a specified product or service (in response to a DPA form 1409 request), in light of a particular recipient's established need therefor. (IDPA Rule 140.417(e), and *Handbook* Topics 0—230, *et seq.*; and see generally *Canlas v. State* (1987), 39 Ill. Ct. Cl. 150, 152; *Krakora v. State* (1987), 40 Ill. Ct. Cl. 233, 235; *Simon v. State* (1987), 40 Ill. Ct. Cl. 246, 248-49.) Here, Claimant's failure to disclose, by procedure code(s), the goods dispensed or services rendered to Gonzalez and Rezmer makes it impossible for IDPA to determine whether such goods or services were "covered" at all or covered if previously approved by the Department for these recipients. Proper investigation requires that Claimant specifically identify the services rendered and the goods supplied, and the dates thereof. (*United Cab Driveurself, Inc. v. State, supra; Convalescent Home Of The First Church Of Deliverance v. State* (1988), 41 Ill. Ct. Cl. 39.) This he has not done.

*No Allegation Of Prior Invoicing Activity.* The undisclosed data as to services and dates, discussed above, would appropriately have been reported by Claimant, if he had timely prepared the requisite invoices (DPA forms 1443 and 2803) and submitted them for IDPA's adjudication, in accordance with the requirements of IDPA Rule 140.20 (89 Ill. Admin. Code §140.20) and Federal Medicaid regulation (42 C.F.R. §447.45). Yet, as in *University of Chicago Professional Services Offices v. State, supra,* Claimant does not allege here that he had ever submitted his charges on DPA 1443 and DPA 2803 invoices to IDPA for any of these services.

As Claimant filed this Court action on October 3, 1986, it seems that, as of said date, sufficient time may yet have been available (depending upon the actual dates of these services) for him to invoice these service-charges to IDPA, within the time permitted by said regulations. If sufficient time in fact remained, then Claimant's commencement of the instant action served to protect his cause, in respect to these services, from being barred by the statute of limitations (as discussed in our May 5, 1982, order in *Rock Island Franciscan Hospital v. State* (1982), 36 Ill. Ct. Cl. 377). Yet, the filing of this complaint does not relieve Claimant of alleging therein facts in support of each element of a section 11—13 cause of action. It remained Claimant's obligation to invoice his specifically-identified goods and services to IDPA, in the manner and within the time required by Rule 140.20 and 42 C.F.R. §447.45. (*Ryan v. State* (1990), 43 Ill. Ct. Cl. 213.) His failure to do so cannot be waived or excused by this Court.

Respondent has moved for summary judgment on this action (in accordance with Ill. Rev. Stat., ch. 110,

par. 2—1005), citing Claimant's failures to comply with the aforementioned regulatory and *Handbook* requirements, and the General Assembly's adoption of said regulatory limits in Ill. Rev. Stat., ch. 23, par. 11—13. For the reasons discussed in this opinion, we grant Respondent's motion.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment on the complaint and underlying causes, as to goods and services provided on and before June 27, 1986, to patients Gonzalez, Rezmer and Ott, on the grounds addressed above in this opinion, is granted; judgment is entered against Claimant Tennant and in favor of Respondent as to all issues presented herein; and this claim is dismissed.