(Nos. 90-CC-0360, 91-CC-2284 cons.—)

BROKAW HOSPITAL, filed *sub nom.* BROMENN HEALTHCARE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 21, 1992.*

WILLIAM B. LAWRENCE, for Claimant.

ROLAND W. BURRIS, Attorney General (PHILLIP McQUILLAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

In the two captioned actions, Claimant hospital is seeking medical vendor-payments from the Illinois Department of Public Aid (IDPA), pursuant to section 11—13 of the Public Aid Code (or PAC, Ill. Rev. Stat. 1989, ch. 23, par. 11—13), for psychiatric-related services which Claimant alleges were rendered to 23 named patients over the period April 1988 through June 1990. Claimant alleges that 21 of these patients were recipients of Aid to the Medically Indigent, or "AMI" (assistance category "97"), eligible to receive assistance as provided in article VII of the PAC (§§ 7—1 *et seq.*).

Respondent has moved for summary judgment as to each of Claimant's 23 patient accounts, contending: (a) that eight of these patients were ineligible to receive State-paid medical care under any assistance category of IDPA's Medical Assistance Program (MAP) when the related services were rendered; (b) that no MAP coverage existed for psychiatric services when rendered to any of Claimant's AMI-recipient patients; and (c) that, except for one account which IDPA has paid, Claimant has not shown that any of its charges for the subject services had been invoiced to IDPA in the manner and within the time prescribed by IDPA Rule 140.20 (89 Ill. Adm. Code §140.20).

Claimant hospital having received notice of Respondent's motion, the Court, being fully advised, finds as follows:

*No Showing Of Patients' MAP-Eligibility.* In its report, IDPA advises that patients Adams, Behm, Bertrand, Conlin, Franklin, Gresham, Mayer and Swanzy were not "recipients," and thus not entitled to any form of MAP benefits, as of the dates on which they received the subject services in Claimant's facility. Certain of Claimant's complaint-exhibits appear to confirm IDPA's report, and Claimant offers no documentation establishing that these patients were then IDPA recipients. This absence of proof in the complaint of patient-eligibility *is to be* contrasted with our conclusion

"that in every vendor-payment action brought before this Court, it is the vendor's burden initially to allege in its complaint documented proof that IDPA had determined its patient to be a recipient, with respect to the date or dates on which the vendor furnished the goods or services which are the subject of its proposed claim ° ° °." (*Mercy Hospital & Medical Center v. State* (1988), 40 Ill. Ct. Cl. 269.)

(See also *Illini Hospital v. State* (1977), 32 Ill. Ct. Cl. 115; and *Bromenn Healthcare v. State* (1986), 39 Ill. Ct. Cl. 223.) As Claimant has failed to sustain its burden, the Court finds that these eight patients had not been determined to be recipients in respect to the dates of service here in issue.

*No MAP Coverage For Psychiatric Services Rendered to AMI Recipients.* IDPA further reports that MAP-covered services available to AMI recipients are restricted to those enumerated in IDPA Rule 140.5 (89 Ill. Adm. Code §140.5, formerly IDPA Rule 4.011). Rule 140.5 expressly provides that "psychiatric services are not covered for GA [PAC Article VI] and AMI recipients" when provided in a hospital setting. (*St. Mary of Nazareth Hospital Center v. State* (1991), 43 Ill. Ct. Cl. 310; and *Miller v. IDPA* (1981), 94 Ill. App. 3d 11, *cert. denied* 85 Ill. 2d 566.) The restrictions are also explained in Topics 102.2 and H-220 of IDPA's MAP *Handbook*

*For Hospitals.* Claimant hospital, in contracting with IDPA to provide services for its recipients, had agreed to abide by the Department's vendor *Handbook* and notice policies, and its rules and regulations. (See *Rock Island Franciscan Hospital v. State* (1987), 39 Ill. Ct. Cl. 100, 102.) This Court has previously upheld IDPA's refusals to make vendor-payments for psychiatric services when rendered to AMI recipients; as examples, see *Mercy Hospital v. State* (1985), 38 Ill. Ct. Cl. 388; *Methodist Medical Center of Illinois v. State* (1983), 35 Ill. Ct. Cl. 871.

This record contains some indication that Claimant's services to one or more of these patients may have qualified for payment from the Illinois Department of Mental Health and Developmental Disabilities (DMHDD), under programs administered by that agency. The Court concludes that no coverage exists for the subject services under IDPA's MAP when such services are rendered to persons who are eligible only for PAC article VII assistance. While it is not clear what effort Claimant had made to obtain payment from DMHDD for these services, we agree that it is unlikely Claimant would be entitled to payment for them from both DMHDD and IDPA.

*No Allegations Of Previous Claim-Presentation And Responding IDPA Action.* Claimant does not allege here that it had submitted specific, DPA-form invoices of its charges for specifically-identified services to IDPA, for any of the 22 unpaid accounts, prior to commencement of these Court actions on September 14, 1989, and February 7, 1991. Under sections 790.50(a)(3), (a)(9) of the Court of Claims Regulations, Claimant was obliged specifically to allege any such prior invoicing activity in its complaint. Moreover, the State's payment liability for these services, under IDPA's MAP, is contingent upon

Claimant's ability to prove that it had invoiced said charges, and that IDPA had received such invoices, in the manner and within the time period prescribed by IDPA Rule 140.20. (*Peterson v. State* (1990), 43 Ill. Ct. Cl. 347; and *Rock Island Franciscan Hospital v. State, supra.*) Rule 140.20's provisions are set out in Topic 141 of the MAP *Handbook For Hospitals.*

These Court actions were filed from 7 to 14 months after Claimant's services were rendered and, as of such filings, no administrative claim of Claimant's charges for them had been presented to IDPA. Recognizing that "[c]ompliance with [Rule 140.20's deadline] requirements is an essential element of a section 11—13 * * * action" (*University of Chicago Professional Services Offices v. State* (1990), 42 Ill. Ct. Cl. 277), and that the complaint herein is deficient as to that element, it is apparent that Claimant has not established a *prima facie* right to payment as to any of these unpaid accounts. *United Cab Driveurself, Inc. v. State* (1987), 39 Ill. Ct. Cl. 91; *Simon v. State* (1987), 40 Ill. Ct. Cl. 246; and *Rock Island Franciscan Hospital v. State* (1982), 36 Ill. Ct. Cl. 377.

Sections 439.8(a) and (b) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, pars. 439.8(a), (b)) and section 11—13 of the PAC, offer vendor-claimants the opportunity to have this Court review and assess IDPA's prior "action taken" (section 790.50(a)(3) of the Court of Claims Regulations) in response to an administrative claim, or invoice, which the vendor has previously submitted and the Department has failed or refused "to pay * * * in whole or in part" (§11—13 of the PAC). The Court's function, in section 11—13 actions, is that of assessing the merits of the vendor's claim against the reasons offered by IDPA for its previous failures or refusals to pay that claim. To invoke this Court's

authority, a vendor-claimant must be able specifically to allege in its complaint, and to prove, that its "claim [invoice, for specific goods or services] has been *previously* presented" to IDPA (emphasis supplied) (section 790.50(a)(3) of the Court of Claims Regulations), in accordance with IDPA Rule 140.20's requirements. (*Forutan v. State* (1991), 43 Ill. Ct. Cl. 377.) Commencement of a section 11—13 Court action thus should not be viewed as a substitute for the vendor's prior failure to timely comply with Rule 140.20, or with other applicable requirements in IDPA's MAP *Handbooks* and in State and Federal Medicaid regulations. *Ryan v. State* (1990), 43 Ill. Ct. Cl. 213; *Peterson v. State, supra; Forutan v. State, supra; Krakora v. State* (1987), 40 Ill. Ct. Cl. 233, 237-8; *Simon v. State* (1987), *supra,* at 248; and *Methodist Medical Center v. State* (1986), 38 Ill. Ct. Cl. 208.

It is therefore ordered and adjudged that Respondent's motion for summary judgment is granted, Brokaw Hospital having failed to establish in its pleadings herein that eight of its patients were entitled to any form of MAP benefits, that any of the subject services was MAP-covered when rendered to AMI recipients, or that any charges relating to its 22 unpaid accounts had been invoiced to IDPA in accordance with applicable regulatory requirements. Judgment is hereby entered for Respondent, and against Claimant, as to all issues presented in these two actions.