(No. 89-CC-2196—)

BRAND, BECK & HOOVER, ASSOCIATES, Claimant, v.
THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1992.*

GARY A. SMILEY, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This vendor-payment action identifies the Claimant as "Brand, Beck & Hoover Assoc.," apparently a physician group practice, and the Illinois Department of Public Aid (IDPA) as the responding agency. The claim seeks payment for radiology services rendered to patient McCalla, an IDPA recipient, during the period May 12 through July 25, 1988. The Claimant's complaint, filed with this Court on January 19, 1989, lists the patient's name and IDPA-assigned recipient ID number (RIN); however, in the complaint there is no specific allegation or exhibit, capable of being investigated or verified, that Claimant's physician's charges for any of the subject services had been invoiced to IDPA for payment, though the bill of particulars states IDPA was "billed."

Respondent has moved for summary judgment on this claim pursuant to section 2—1005 of Illinois' Code of Civil Procedure (Ill. Rev. Stat., ch. 110, par. 2—1005), raising the issues discussed herein.

In its motion, the Respondent contends: first, that the Claimant group practice is not an enrollee-participant in its Medical Assistance Program (MAP) and thus has no standing to bring this action (Ill. Rev. Stat., ch. 23, par. 11—13; *Pinckneyville Medical Group v. State* (1988), 41 Ill. Ct. Cl. 176); second, that the complaint's failure to identify the physician or physicians who performed the services prevents IDPA from investigating the claim; and third, there is no allegation here that a physician's charges for any of these services had been invoiced to the Department in the manner and within the time prescribed by IDPA Rule 140.20 (89 Ill. Adm. Code §140.20; and Topic 141 of IDPA's MAP vendor *Handbooks*). These are the same deficiencies which the Court found to require dismissal of a similar claim in *University of Chicago Professional Services Offices v. State* (1990), 42 Ill. Ct. Cl. 277.

Sections 439.8 (a) and (b) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, pars. 439.8(a),(b)) and section 11—13 of the PAC offer vendor-claimants the opportunity to have this Court review and assess IDPA's prior "action taken" (section 790.50(a)(3) of the Court of Claims Regulations), in response to an administrative claim, or invoice, which the vendor has previously submitted and the Department has failed or refused "to pay * * * in whole or in part" (PAC §11—13). The Court's function, in section 11—13 actions, is that of assessing the merits of the vendor's claim against the reasons offered by IDPA for its previous refusals to pay that claim. To invoke this Court's authority, a vendor-claimant must be able specifically to allege in its complaint, and to prove, that its "claim (invoice, for specific goods or services) has been previously presented" to IDPA (section 790.5(a)(3) of the Court of Claims Regulations) in accordance with IDPA Rule

140.20's requirements, because such prior administrative presentation of the claim to IDPA "is an essential element of a section 11—13 * * * action." *University of Chicago Professional Services Offices v. State, supra,* at 283; see *Simon v. State* (1987), 40 Ill. Ct. Cl. 246, 249-51; *Franciscan Medical Center v. State* (1988), 44 Ill. Ct. Cl. 431; *Treister & Wilcox v. State* (1989), 42 Ill. Ct. Cl. 185, 190-91.

This claim was commenced within six to nine months following the dates on which the subject services were rendered. IDPA reports that it had received timely DPA-form invoices from a hospital and two other physicians, charging for services to patient McCalla rendered during the same time span as Claimant's services; and that said hospital and physician invoices had been paid. No invoice by the Claimant can be found. No facts here alleged offer any excuse for the failure of the present Claimants to invoice their service charges to IDPA through administrative channels prior to IDPA Rule 140.20's prescribed deadline.

This Court finds that the Claimant did not respond to the Respondent's request for admission of fact, nor did the Claimant respond to the Respondent's motion, or this Court's order granting 30 days for such a response. Therefore, this Court finds that the facts are as stated in the motion and the verified departmental report submitted by the Respondent, and that the Claimant's complaint does not state a cause of action.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment on the complaint and underlying causes, on the grounds addressed in this opinion, is granted; judgment as to all issues is entered against Claimant Brand, Beck & Hoover

Assoc., and its physician-vendors and in favor of Respondent herein; and this claim is dismissed.