(No. 92-CC-1559-■■■■■)

LAKE-COOK PSYCHOLOGISTS, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1993.*

JOHN JOCHEM, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CYNTHIA WOOD, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

Claimant, Dr. Jochem, a clinical psychologist, is here seeking a vendor-payment, pursuant to section 11—13 of the Public Aid Code (or "PAC") (Ill. Rev. Stat. ch. 23, par. 11—13), for psychotherapy services which he had rendered in April 1991, to patient Flores, a recipient under the Medical Assistance Program (MAP) administered by the Illinois Department of Public Aid (IDPA). Respondent has moved for summary judgment, contending: that Claimant's treatment of recipient Flores did not qualify as MAP-covered services, and thus that Respondent is not obligated to pay Claimant for these services. Claimant having received notice of Respondent's motion, the Court makes the following findings:

The scope of the MAP's coverage is limited to those medical services described in the PAC, in IDPA's Rules (89 Ill. Adm. Code, Parts 140, *et seq.*) and in the Department's vendor Handbooks. (See *Brokaw Hospital v. State* (1992), 44 Ill. Ct. Cl. 307; *University of Illinois at*

*Chicago v. State,* No. 90 CC 307 (Opinion filed Mar. 24, 1992); *Tennant v. State* (1991), 44 Ill. Ct. Cl. 182; and *Memorial Medical Center v. State* (1988), 40 Ill. Ct. Cl. 73.) In its report herein, IDPA advises that MAP coverage of "psychological services," as rendered by licensed psychologists, is restricted to diagnostic examinations, evaluations and tests which had been authorized in advance, for specified purposes, by either Illinois Department of Children & Family Services (DCFS) or IDPA staff. See IDPA Rule 140.495(b), (89 Ill. Adm. Code §140.495(b)), which provides:

"payment shall be made for the provision of diagnostic psychological examinations and tests only when the services are requested by the Department [IDPA or DCFS] for one of the following reasons:

(1) to determine permanent and total disability or incapacity (see 89 Ill. Adm. Code 112.62 and 89 Ill. Adm. Code 120.314);

(2) to determine the suitability of a home for a child; or

(3) for planning or arranging for foster care for a child."

*(Cass County Mental Health Association v. State,* No. 91 CC 1582. (Opinion filed Feb. 6, 1992)). The Department reports that the coverage provisions of the PAC and IDPA Rules do not extend to or include psychotherapy or other treatment services rendered by psychologists.

MAP coverage does exist for certain psychiatric diagnostic and treatment services, when rendered by MAP-enrolled physicians to Medicaid-eligible recipients, provided that medical necessity for such services is established. (See IDPA Rule 140.413(a)(5), (89 Ill. Adm. Code §140.413(a)(5).) IDPA's MAP *Handbook for Physicians* specifies that:

"[t]he provision of psychiatric services is limited to those services and associated procedure codes [as listed or referred to therein] and must be *personally* provided by the physician who submits charges. Services provided by a psychologist, social worker, etc. are not reimbursable." *(Id.,* Topic A-210.7, emphasis in original; and see Topics A-240 *et seq.,* concerning psychiatric consultations.)

These provisions make it clear that coverage of psychotherapy and similar treatment modalities are restricted to physicians' services.

Dr. Jochem fails to establish that the subject services to recipient Flores were in furtherance of one of IDPA Rule 140.495(b)'s three purposes, or that said services had been requested by DCFS or IDPA. (*Cass County Mental Health Association v. State*, cited *supra*.) Moreover, said services consisted of treatment, rather than diagnostic, services; and as such, they were not MAP-covered services.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment is granted, and this claim is dismissed.