(Nos. 82-CC-0052, 82-CC-0069 cons.—

Good Samaritan Hospital, Claimant, *v*. The State of Illinois, Respondent.

*Order filed May 5, 1982.*

David Campbell, for Claimant.

Tyrone C. Fahner, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

These consolidated causes, coming on to be heard on the motion of Respondent to dismiss, due notice having been given, and the Court being fully advised finds as follows:

1. That Claimant, a medical vendor, seeks compensation from the Illinois Department of Public Aid (IDPA) for hospital services rendered to two public aid recipients.

2. That, as fully set forth in the departmental report, which is *prima facie* evidence of the facts therein set forth, in each instance the services consisted of care and treatment directly relating to sterilization surgery—specifically, hysterectomy surgery—performed upon the recipient-patient during her inpatient stay in Claimant's facility.

3. That the Respondent's payment obligation for such surgeries and related hospital services is limited by

certain conditions, as set forth in Department (IDPA) Rule 4.15 and related IDPA policy directives, as well as in Federal law. See D. R. Exhibits Nos. R-1, R-2 and R-3. Two such conditions, both relating to hysterectomy surgery, are: the patient's written acknowledgement of her understanding that the planned surgery will render her permanently incapable of reproducing; and the physician's written statement which certifies the medical necessity of that particular surgical procedure. Pre-surgery completion of the relevant documents, required in order to comply with these conditions, is the joint responsibility of the physician and the hospital.

4. That Claimant was made aware of the aforementioned requirements, but has failed to document that it had complied with them, as to either of the subject patient accounts. IDPA's one-year deadline for Claimant's submittal of acceptable rebillings of these accounts—demonstrating such compliance—has now past. See Department Rule 4.015, D. R. Exhibit No. R-5.

5. That said Department Rule 4.015 serves to limit the period of time, following rendition of services, during which a medical vendor may correct any errors and deficiencies in its billings of such services to IDPA. As the Claimant has not submitted acceptable billings within the time prescribed, its claims are now ripe for final consideration and adjudication by the Court.

6. That a vendor's claim to a "vendor payment", enforceable under section 11—13 of the Public Aid Code (Ill. Rev. Stat. 1979, ch. 23, par. 11—13), may be "limited by regulations of the Illinois Department". The above-mentioned regulations (Department Rules) impose requirements which Claimant must meet if it is to receive vendor payments for these patients' services. Claimant has not met the requirements of such regulations.

7. That payment of the subject claims would be contrary to the above-mention regulations.

It is hereby ordered that each of these claims be, and hereby is dismissed.