(No. 87-CC-0962–)

PINCKNEYVILLE MEDICAL GROUP, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 21, 1988.*

DON JOHNSON, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE
SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This cause coming on for the Court's consideration
on Respondent's motion to dismiss, due notice having

been given and the Court, being fully advised, makes the following findings:

This claim, the caption of which identifies the Claimant as Pinckneyville Medical Group, a medical group practice, in fact presents the vendor-payment claims of Dr. Fozard and Dr. Shanbhag, who are affiliated with that group. In its departmental report, the Illinois Department of Public Aid (IDPA) notes that the individual physicians, rather than the medical group, were enrolled participants in the Department's Medical Assistance Program (MAP) when the subject services were rendered; and the claim was therefore investigated and reported by IDPA as if filed by the two physician-participants. Because only the individual physicians, and not the group practice, are MAP enrollees, and because group practices as such are not permitted to enroll in IDPA's program, only the two physicians would have standing to bring the instant action under section 11—13 of the Public Aid Code (Ill. Rev. Stat. 1985, ch. 23, par. 11—13). See this Court's opinion filed in *Canlas v. State* (1987), 39 Ill. Ct. Cl. 150.

As indicated in IDPA's report, the claim seeks section 11—13 vendor payments by the two physicians on four patient accounts, namely, Dr. Fozard's services for patients Hammond and Huggins, and Dr. Shanbhag's services for the same two patients. The Department has accepted liability, to the extent of the maximum dollar amounts authorized by its pricing schedules and policy, for patient Hammond's services; and denies all payment liability for patient Huggins' services.

This claim was filed on November 14, 1986. Patient Huggins' services, for which Claimants seek payment, were rendered on June 6, 1983, more than three years

prior to Claimants' commencement of this action. In fact, Claimants initially billed Huggins' services to IDPA in invoices received by the Department on September 18, 1986, more than three years after they had rendered such services. Their invoices were disallowed, and payment refused by IDPA, due to the tardiness of these invoices.

In responding, IDPA challenges Claimants' claim for payment of Huggins' services on the ground, *inter alia,* that Claimants' individual causes of action in respect to such services had already been barred, when filed with this Court, under the provisions of section 11—13, and of section 22(b) of the Court of Claims Act. (Ill. Rev. Stat., ch. 37, par. 439.22(b).) We find that challenge to be valid.

Section 11—13 establishes a one-year limitation on the filing of claims by vendors seeking State payment for goods and services furnished to or on behalf of IDPA recipients. A vendor's cause of action "accrues" and the running of the one-year limitation period begins on the date of specified events; and the statute provides for alternate accrual dates, depending upon when IDPA received the vendor's initial invoice. If the vendor proves that its initial invoice was received by IDPA within six months following the date of service, and if IDPA refused payment of that invoice, then the one-year limitation period begins to run on the date of IDPA's notice to the vendor of such refusal. If, on the other hand, the vendor cannot prove that IDPA received its invoice within six months after the date on which the services were rendered, then the cause of action as to such services accrues six months following the date of service, and the limitation period runs from that date. Under this alternate situation, the vendor must com-

mence its action in this Court within 18 months following the date of service, *i.e.*, within one year following the date of accrual, if it is to avoid the bar of the limitation period in section 11—13.

In this case, although Claimants provided patient Huggins' services in June 1983, the record which they present indicates that their initial invoices were not submitted to IDPA for over three years thereafter. While Claimants attempt to attribute their delay to the patient's tardiness in supplying them with information that she was an IDPA recipient, that fact cannot excuse Claimants' own inaction. As IDPA notes, Claimants do not allege that they themselves made any effort, from June 1983 through September 1986, to contact the local IDPA office in an attempt to determine whether Huggins may in fact have been eligible, as of June 1983, for MAP benefits under IDPA's program. Such lack of diligence by Claimants cannot excuse them from complying with the deadlines imposed by IDPA Rule 140.20 (89 Ill. Adm. Code 140.20) and by Federal regulations (see Title 42, Code of Federal Regulations, §447.45(d)(1)). See *Rock Island Franciscan Hospital v. State* (1987), No. 83-CC-1956, and prior decisions therein cited.

This Court has previously observed

"that the Federal government's continuing participation in the funding of Illinois MAP program is dependent upon IDPA's regular enforcement of these regulatory requirements. Applicable here are the requirements: * * * that correctly-prepared invoices be timely received by IDPA." *Methodist Medical Center v. State* (1986), No. 83-CC-1572.

It is apparent here that Claimants could have complied with the above regulatory deadlines as to Huggins' patient accounts, and thereby helped avoid the risk of a denial of Federal government funding in IDPA's payments for such services.

With respect to Huggins' June 6, 1983, services, we

find that Claimants' causes of action accrued, within the meaning of section 11—13, on December 7, 1983; and that said causes were barred as of December 8, 1984, one year following such accrual.

It is therefore hereby ordered:

That Claimants receive and be awarded the following sums in full payment of patient Hammond's medical services: $76.00 to J. Gregg Fozard, M.D. (SSN 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), and $412.00 to Madhukar Shanbhag, M.D. (SSN 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), in accordance with IDPA's acceptance of liability for said services; and

That Respondent's motion to dismiss the complaint and the underlying action herein as to patient Huggins' services, pursuant to paragraph 2—619 of the Illinois Code of Civil Procedure, on the ground that Claimants' causes of action as to said services were already barred by section 11—13 of the Public Aid Code (Ill. Rev. Stat. 1985, ch. 23, par. 11—13) and by section 22(b) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.22(b)) when this action was commenced, is hereby granted; and this action, as to Huggins' services, is dismissed with prejudice.