(No. 86-CC-2736—)

ROBERT A. RYAN, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 27, 1990.*

ROBERT A. RYAN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION AND JUDGMENT

SOMMER, J.

This is a vendor-payment action, brought by Dr. Ryan, in which he seeks payment under the Medical Assistance Program (MAP) administered by the Illinois Department of Public Aid (IDPA), for surgical services rendered to two IDPA recipients during April and May of 1985. Respondent has moved for summary judgment as to all issues presented in this action as to both patient accounts, on grounds as reviewed herein by the Court. Claimant having received due notice of such motion, the Court being fully advised finds as follows:

*Proper Invoice Preparation.* A part of Claimant Ryan's services for patient Perez consisted of a presurgical consultation. In billing this consultation to IDPA, he omitted from the invoice (DPA form 2360) both the identity of the facility at which the service was performed, and the identity (name and State medical license number) of the physician who had referred the patient to him, *i.e.*, the physician who had requested Claimant's consultation. IDPA's invoice-preparation instructions, set forth in its MAP *Handbook For Physicians* (Appendix A-1), require that both the facility

name and the referring physician's identity be reported on the invoice; and Claimant's invoice was refused payment by IDPA due to these deficiencies. As Claimant did not thereafter submit a properly-prepared rebill invoice of his consultation charge within the one-year period required by IDPA Rule 140.20(d) (89 Ill. Adm. Code §140.20(d)) and by Federal Medicaid regulation (42 C.F.R. §447.45(d)), the State has no payment liability for his consultation services. Subsection (e) of IDPA Rule 140.20, cited *supra*; and see *Methodist Medical Center v. State* (1986), 38 Ill. Ct. Cl. 208; *Memorial Medical Center v. State* (1988), 40 Ill. Ct. Cl. 73, 77-78, and decisions therein cited; *Franciscan Medical Center v. State*, No. 86-CC-0368; *Riverside Medical Center v. State*, No. 87-CC-0780; and *St. John's Hospital v. State*, No. 86-CC-2055.

*Vendor-Payment As Payment In Full.* Claimant acknowledges that IDPA paid him for the surgery performed on patient Perez, and is here seeking payment of the $290.00 difference between that vendor-payment and the amount of his charge for that surgery. In response, IDPA reports that the amount paid Claimant had been computed "according to a schedule of State-wide pricing screens," based in substantial part "upon funds appropriated by the General Assembly," the market values of individual medical services and upon other factors, as required by IDPA Rule 140.400 (89 Ill. Admin. Code §140.400) and related statutes, *e.g.*, section 5—7 of the Public Aid Code (Ill. Rev. Stat., ch. 23, par. 5—7). Section 5—7 clearly states that the Department is to "consider but is not mandated to pay other fees or rates charged in the community to persons not eligible for medical assistance," when negotiating rates of payment for medical-service dispensers' services. Section 11—13 of the PAC is equally clear in providing that,

"[a] vendor payment ° ° ° shall constitute payment in full for the goods or services covered thereby; ° ° °."

and that

"[a]cceptance of [IDPA's] payment shall bar [the vendor] from obtaining, or attempting to obtain, additional payment therefor from the recipient or any other person ° ° °."

except as permitted by IDPA's regulations. Participation in IDPA's MAP obligates medical vendors to "[a]ccept as payment in full the amounts established by the Department" (89 Ill. Admin. Code §140.12(h)) as appropriate compensation for specified services. IDPA's MAP *Handbook For Physicians* (Topic 111) and Federal Medicaid regulations (42 C.F.R. §447.15) impose the same obligation.

The Department receives a fixed sum from the General Assembly, with which to pay for care furnished its recipients by each of the major categories of medical vendors. In regard to "non-institutional practitioners and laboratories" (to which IDPA Rule 140.400 applies), IDPA's tasks are: to allocate the amount of funds appropriated among physicians, dentists, optometrists, podiatrists and similar vendor categories; and to develop comprehensive schedules ("pricing screens") of rates to be paid for each of the many different medical/surgical procedures and other services performed by members of these categories. In performing these tasks, it is guided by recommendations from statutory advisory groups and representatives of the medical community and the general public. The resulting rates reflect the State's efforts to

"allocate its limited resources in a manner which will afford relief to the greatest number of individuals." *Lawrie v. IDPA* (1978), 72 Ill. 2d 335, 348.

Although IDPA's rates here gave rise to payment at a level less than Claimant's charge for patient Perez's surgery, we find that Claimant had agreed to accept that

payment "in full" for his services, when he enrolled as a MAP participant. Section 11—13 of the PAC; IDPA Rule 140.12; Topic 111 of IDPA's MAP *Handbook*; and see this Court's October 11, 1989 opinion in *Treister & Wilcox v. State* (1990), 42 Ill. Ct. Cl. 185.

*Requirement Of Timely Invoice-Submission.* Claimant alleges that he performed surgery on patient McCullum on May 30, 1985, but does not allege that he invoiced his charge therefor to IDPA in the manner and within the time prescribed in subsections (a), (b) and (c) of IDPA Rule 140.20. In a series of decisions (*e.g., Canlas v. State* (1987), 39 Ill. Ct. Cl. 150; *Krakora v. State* (1987), 40 Ill. Ct. Cl. 233; and *Simon v. State* (1987), 40 Ill. Ct. Cl. 246), we have determined that a vendor's right to receive a vendor-payment is contingent upon his demonstrated, timely compliance with each of Rule 140.20's requirements; and that, under subsection (e) of the Rule, no State liability exists in the absence of such compliance.

That Claimant commenced this vendor-payment action less than one year after rendering the subject services does not excuse his failure properly to invoice his charges through administrative channels to IDPA within that one-year period, as required by Rule 140.20 and 42 C.F.R. §447.45. Dr. Ryan does not allege that he had submitted a "clean claim" invoice (defined in subsection (b) of 42 C.F.R. §447.45) for Perez's services, or any invoice for McCullum's services, to IDPA within that time period. Thus, any Court award on either patient account would be in contravention of the regulatory and *Handbook* requirements and deadlines discussed herein.

It is hereby ordered and adjudged that Respondent's motion for summary judgment is granted, Claim-

ant having been paid in full for patient Perez's surgery and having failed to comply with applicable Federal and State regulatory requirements, as discussed above, in respect to McCullum's surgery and Perez's consultation. Judgment on all issues presented is hereby entered against Claimant and in favor of Respondent on the subject claim; and said claim is dismissed with prejudice.