(No. 90-CC-0585—

TUMMALA RAMABRAHMAM, Claimant, *v.* THE STATE OF
ILLINOIS, Respondent.

*Opinion filed September 10, 1990.*

TUMMALA RAMABRAHMAM, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN
SCHMALL, Assistant Attorney General, of counsel), for
Respondent.

## OPINION AND JUDGMENT

SOMMER, J.

This is a vendor-payment action, filed pursuant to
section 11—13 of the Public Aid Code (or "PAC," Ill.
Rev. Stat., ch. 23, par. 11—13), in which Claimant is
seeking payment from the Illinois Department of Public
Aid (IDPA) of his charge for medical care rendered to a
hospitalized patient and recipient of public aid. Claim-
ant's action was filed with this Court more than one year
after the subject services had been rendered, and more
than one year after IDPA had mailed to Claimant a
remittance-advice, or "voucher" notice that it was "re-
fusing to pay" (section 11—13 of the PAC) his initially-
invoiced charge for said services. Respondent has
moved for summary judgment, citing Claimant's failure
to commence this action within the time prescribed by
statute, as well as his failure to submit a properly cor-
rected, rebill-invoice of said charge to IDPA, with his
services properly identified by appropriate procedure
code, within the one-year period prescribed by IDPA

Rule 140.20 (89 Ill. Admin. Code 140.20) and by Federal Medicaid regulation (42 C.F.R. §447.45(d)).

IDPA sent Claimant a "remittance advice" notice of its refusal to pay his invoice, which notice listed "invalid procedure code" as its reason for such refusal; and that Claimant thereafter failed to submit a corrected, rebill-invoice of said service to IDPA, within the one-year period prescribed by IDPA Rule 140.20 and 42 C.F.R., section 447.45(d). A vendor must comply timely with each of the aforementioned requirements, as each is a condition precedent to an award by this Court. *Methodist Medical Center v. State* (1986), 38 Ill. Ct. Cl. 208; *Memorial Medical Center v. State* (1988), 40 Ill. Ct. Cl. 73, 77-78, and decisions therein cited; *Franciscan Medical Center v. State*, No. 86-CC-0368; *Riverside Medical Center v. State*, No. 87-CC-0780; and *St. John's Hospital v. State*, No. 86-CC-2055.

In its report, IDPA advises that the hospital in which said surgery was performed, and two other physicians who treated this patient during his hospitalization, had all invoiced their services—properly identified—in the manner and within the time prescribed by the *Handbook* and IDPA Rule requirements; and that each such vendor had been paid by IDPA for such services.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment is granted, and this claim is dismissed with prejudice.