(No. 88-CC-3950—)

LEO A. WRONA, M.D., Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 5, 1992.*

LEO A. WRONA, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

At issue in this medical vendor-payment proceeding, filed pursuant to section 439.8(a) of the Court of Claims Act (Ill. Rev. Stat. 1991, ch. 37, par. 439.8(a)) and section 11—13 of the Public Aid Code (Ill. Rev. Stat. 1991, ch. 23, par. 11—13), is Claimant physician's right to receive payment, under the Medical Assistance Program (MAP) administered by the Illinois Department of Public Aid (IDPA), for the surgical sterilization of his patient, a 24-year-old IDPA recipient.

Respondent has moved for summary judgment in this action, contending that Claimant has failed to demonstrate compliance with applicable Federal and State regulatory requirements (42 C.F.R. §§ 441.250 through 441.259 and related appendix; and 89 Ill. Admin. Code §§ 140.413(a)(2), 140.483), designed to ensure that MAP patients have given their fully informed and considered voluntary consent prior to undergoing such surgery. The Claimant having received due notice of Respondent's motion, the Court makes the following findings:

The regulations relevant here are clearly intended to provide an enforceable mechanism for ensuring that an individual not be rendered permanently incapable of reproducing, contrary to his or her wishes. They may be summarized as in IDPA's *MAP Handbook For Physicians* outline of their provisions.

"Sterilization is a covered service [eligible for State payment under IDPA's MAP] only for individuals who have given written consent, are at least 21 years old at the time consent is obtained and are not institutionalized or mentally incompetent. At least 30 days, but not more than 180 days, must have passed between the date of informed consent and the date of sterilization, except in the case of premature delivery or emergency abdominal surgery.

An individual may consent to be sterilized at the time of a premature delivery or emergency abdominal surgery if at least 72 hours have passed since he or she has given informed consent for the sterilization. In the case of premature delivery, the informed consent must have been given at least 30 days before the expected date of delivery.

Informed consent may not be obtained while the individual to be sterilized is: (1) In labor or childbirth ° ° °

*Procedure:* Written consent to perform a sterilization must be obtained on Form DPA 2189, Consent Form. All appropriate sections of the form are to be completed ° ° °" (*Id.*, ch. A-200, Topic A-210, July 1981; and corresponding requirement in the *MAP Handbook For Hospitals,* ch. H-200, Topic H-214.14, May 1979)

The language content of the consent form is prescribed by Federal regulations; and the manner and timing of the form's completion, in accordance with the above-outlined regulatory requirements, is the key element to enforcement of these regulatory safeguards.

It is obvious in this case that the required time interval between the patient's signing of the consent form and the sterilization was not observed. The date of a patient's signature is established, under the regulations, as the date on which she consented to the surgery after having been provided with the prescribed information. In the instant case, the patient gave birth to her child and underwent the sterilization on the same day that she signed the consent form. No interpretation of the operative facts here could justify a conclusion that Claimant had complied with these informed-consent requirements.

As noted in IDPA's report herein, the Federal government's promulgation of these requirements, in 1978, was accompanied by a discussion (43 FR 52146) of the rationale in support of the 30-day, and 72-hour-exception, waiting periods. Adoption of these regulations (42 C.F.R. § 441.250 *et seq.*) had followed protracted litigation, challenging previously-proposed

regulations as providing inadequate safeguards against hastily obtained or coerced consents to sterilizations. (See, *e.g., Relf v. Weinberger* (D.C. Cir. 1974), 372 F. Supp. 1196, which controversy was later found mooted ((D.C. Cir. 1977), 565 F. 2d 722) by defendant DHEW Secretary's withdrawal of prior regulations.) This background serves to underline the importance of the mandated time interval during which the patient can reflect on the wisdom of the written consent, once given, and on whether to exercise his or her right to withdraw consent before a sterilization is performed.

We emphasize that Respondent does not assert, and this Court specifically does not find, that sterilization in this case was contrary to the patient's wishes or best interests, or otherwise ill-advised. Nothing in this record would support such a conclusion, apart from failure to comply with the time-interval requirement. It is clear, however, that Claimant does have the burden of establishing that he had complied, in detail, with these regulatory safeguards, and that he failed so to comply in this case, prior to the regulatory deadline. *Good Samaritan Hospital v. State* (1982), 35 Ill. Ct. Cl. 379; *Methodist Medical Center v. State* (1986), 38 Ill. Ct. Cl. 208; *Memorial Medical Center v. State* (1988), 40 Ill. Ct. Cl. 73.

It is hereby ordered and adjudged that Respondent's motion for summary judgment is granted, Claimant having failed to comply with applicable Federal and State regulatory requirements as discussed above. Judgment is hereby entered against Claimant and in favor of Respondent on the subject claim; and said claim is dismissed with prejudice.