(Nos. 86-CC-2775, 86-CC-2975, 86-CC-3195, 86-CC-3252, 87-CC-0076, 87-CC-0310, 87-CC-0452 cons.—

ST. FRANCIS HOSPITAL, ST. ANTHONY HOSPITAL, HOLY CROSS HOSPITAL, NORTHWEST HOSPITAL, and UNIVERSITY OF ILLINOIS HOSPITAL, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 6, 1992.*

RICHARD M. MEDNICK and DAVID D. MIKELL, for Claimants.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Burke, J.

Respondent has filed a motion asking that the Court permit these seven section 11—13 claims to be consolidated for the purpose of addressing Respondent's motions that they be dismissed and for judgment on the pleadings. The five Claimant hospitals are represented by the same counsel in each of these matters. The State contends that the seven actions present common issues of law, and that none of the Claimants would be prejudiced by such consolidation.

The medical goods and services for which payments are here sought can be summarized and identified, by patient name and dates of service (DOS), as follows:

1. by St. Francis Hospital, in No. 86-CC-2775, commenced on March 24, 1986, the patient is Anthony Harmon, and assumed date of service (DOS) is December 9, 1984;

2. by St. Anthony Hospital, in No. 86-CC-3195, commenced on May 7, 1986, the patient is Albert Jones, and the DOS are November 28 through December 8, 1984;

3. by Holy Cross Hospital, in No. 86-CC-3252, commenced on May 15, 1986, the patient is Andres Games, and the DOS are February 20 through 24, 1984;

4. by Northwest Hospital, in No. 86-CC-2975, commenced on April 18, 1986, the patient is Akthar Khan, and the DOS are February 19 through March 15, 1983;

5. by Northwest Hospital, in No. 87-CC-0076, commenced on July 21, 1986, the patient is Manuel Lawson, and the DOS are August 17 through 24, 1985;

6. by Northwest Hospital, in No. 87-CC-0310, commenced on August 22, 1986, the patient is Nancy Moody, and the DOS are December 11 through 29, 1984; and

7. by University of Illinois Hospital, in No. 87-CC-0452, commenced on September 17, 1986, the patient is Eleanor Cleaver, and the DOS are November 21, 1984, through April 4, 1985.

Most of these vendor-payment actions were initially filed as lapsed-appropriation matters, contrary to our

holding in *Canlas v. State* (1987), 39 Ill. Ct. Cl. 150; and certain of them have since been amended by presentation on medical-service vendor complaint forms and related bills of particulars, at the suggestion of the Illinois Department of Public Aid (IDPA). In each instance, the complaint and its attached exhibits lack a specific allegation that the Claimant's charges for the subject services had been submitted to IDPA, on an invoice form as prescribed by the Department pursuant to IDPA rule 140.20 (see subsections (a) and (b) of said rule, at 89 Ill. Admin. Code sec. 140.20, effective March 4, 1981), within the specified period following rendition of such services as required by subsection (c) of said IDPA rule.

Respondent has moved to dismiss each complaint and underlying cause as substantially insufficient in law and as failing to state a cause of action, and for judgment on the pleadings in each of these claims, pursuant to section 790.90 of the Court of Claims Regulations and section 2—615 of the Illinois Civil Practice Law (Ill. Rev. Stat., ch. 110, par. 2—615). Due notice thereof having been given, the Court grants Respondent's motion to dismiss as to each claim, based upon the findings set out herein.

The rules of this Court require that a claimant "must set forth fully" in its complaint a number of specified allegations, including a statement

"[w]hether the claim has been previously presented to any State department * * * and if so presented: (A) claimant shall state when and to whom; [and] (B) claimant shall state any action taken on behalf of * * * the appropriate State agency in connection with said claim." (Section 790.50(a) of the Court of Claims Regulations, codified at 74 Ill. Admin. Code sec. 790.50(a); see Ill. Rev. Stat., ch. 37, par. 439.11.)

Serving a related purpose is our Court rule requirement that

"the claimant shall before seeking final determination of his claim before the Court of Claims exhaust all other remedies, whether administrative, legal or equitable." (Section 790.60 of the Court of Claims Regulations, 74 Ill. Admin. Code sec. 790.60; see Ill. Rev. Stat., ch. 37, par. 439.24—5)

We conclude that, in adopting these requirements, the Court and the General Assembly anticipated that many Court claims would result from claimants' prior, unsuccessful efforts to obtain payment from departments of State government, for whatever reason. Requiring claimants specifically to allege such prior efforts, and the responses of Respondent's departments, serves to encourage the parties to define each claim's subject matter and focus upon its merits; to facilitate Respondent's investigation; and to enable the Court to assess the bases for a department's past refusal or failure to pay the claim.

These pleading requirements are especially pertinent when applied to complaints such as these, filed pursuant to section 11—13 of the Public Aid Code (Ill. Rev. Stat., ch. 23), by vendors of medical services furnished to persons alleged to be public aid recipients. (*United Cab Driveurself, Inc. v. State* (1987), 39 Ill. Ct. Cl. 91; see orders of this Court filed in *Barnes Hospital v. State* (1982), 35 Ill. Ct. Cl. 434; *Rock Island Franciscan Hospital v. State* (1988), 36 Ill. Ct. Cl. 377; and *Convalescent Home of First Church of Deliverance v. State* (1985), 41 Ill. Ct. Cl. 39.) A vendor's section 790.50(a) obligation, specifically to plead its prior invoices submitted to IDPA and the Department's voucher-responses, is directly related to the requirement in IDPA Rule 140.20, that such invoices be timely submitted to and received by IDPA.

In a series of decisions, this Court has given recognition to IDPA's regulatory requirement that vendors'

initial invoices, charging for goods and services supplied to recipients, must be received by the Department within six months following the date services were rendered or goods supplied, in order for Respondent to be liable for paying such charges. (*Weissman v. State* (1977), 31 Ill. Ct. Cl. 506; *Rush Anesthesiology Group v. State* (1983), 35 Ill. Ct. Cl. 851; *St. Joseph's Hospital v. State* (1984), 37 Ill. Ct. Cl. 340; *St. Anthony Hospital v. State* (1984), 37 Ill. Ct. Cl. 342; *Mercy Hospital v. State* (1985), 38 Ill. Ct. Cl. 388, 389; *Bethesda Hospital v. State* (1986), 39 Ill. Ct. Cl. 299; and *Louis A. Weiss Memorial Hospital v. State* (1986), 39 Ill. Ct. Cl. 299; *Riverside Medical Center v. State* (1986), 39 Ill. Ct. Cl. 301; *St. Bernard Hospital v. State* (1986), 39 Ill. Ct. Cl. 300; *Rock Island Franciscan Hospital v. State* (1987), 39 Ill. Ct. Cl. 100; *Canlas v. State* (1987), 39 Ill. Ct. Cl. 150; *Krakora v. State* (1987), 40 Ill. Ct. Cl. 233; *Simon v. State* (1987), 40 Ill. Ct. Cl. 246; *Pinckneyville Medical Group v. State* (1988), 41 Ill. Ct. Cl. 176; and *Passavant Area Hospital v. State* (1988), 41 Ill. Ct. Cl. 222.) We have also considered exceptions to the six-month invoicing deadline, available in certain circumstances under subsection (c) of IDPA Rule 140.20. *Rock Island Franciscan Hospital v. State* (1984), 37 Ill. Ct. Cl. 343; *Franciscan Medical Center v. State* (1988), 40 Ill. Ct. Cl. 274; *Riverside Medical Center v. State* (1988), 40 Ill. Ct. Cl. 275; and *Pilapil v. State* (1988), 41 Ill. Ct. Cl. 217, 223.

A comparison of the above-referenced pleading requirements, with the averments made in these seven complaints, discloses the deficiencies in Claimants' claims. While the complaints make generalized reference either to payment demands or to invoicing activity—invoices to IDPA and IDPA's responses—such allegations refer the reader to the bill of particulars or

other exhibits for details and a specific statement of such activity. Yet, none of Claimants' exhibits contain any suggestion that charges for their patients' services had been submitted to IDPA, on Department-prescribed invoice forms, within the time period established by subsection (c) of IDPA rule 140.20. As a result, those averments in each complaint purporting to show that the subject charges had been invoiced to IDPA are totally negated by the absence of any supporting "detail" in the complaints' attached exhibits. *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 451; and *Hardy v. Montgomery Ward & Co.* (1971), 131 Ill. App. 2d 1038, 1043-44.

Each complaint is thus lacking an element essential to section 11—13, vendor-payment actions, in that each lacks any allegation that IDPA had received the Claimant's invoice of charges for the patient's services within the prescribed time "as limited by [IDPA's] regulations" (Ill. Rev. Stat., ch. 23, par. 11—13); and no Claimant affirmatively alleges that any of IDPA rule 140.20 (c) exceptions applies to its claim. As we have held:

"The vendor must have invoiced his services to the department, on IDPA invoice-forms which have been properly prepared by the vendor and timely submitted to IDPA, in accordance with department *Handbook* instructions and regulatory requirements (IDPA Rule 140.20, *Id.*)." (*Canlas v. State* (1987), 39 Ill. Ct. Cl. 150, 152;

see *Krakora v. State* and *Simon v. State, supra; United Cab Driveurself, Inc. v. State* (1987), 39 Ill. Ct. Cl. 91, 92-93.) This prompt-invoicing requirement is supported also by the fact that each of the institutional vendors participating in IDPA's program, including these five hospitals, had contracted "to abide by the Department's properly promulgated Rules and [vendor] *Handbook*" requirements, necessarily including IDPA rule 140.20 and, here, the corresponding provisions in IDPA's *Handbook For Hospitals,* ch. 100, topic 141. See *Rock*

*Island Franciscan Hospital v. State* (1987), 39 Ill. Ct. Cl. 100, 102.

Claimants' actions are therefore subject to dismissal under Ill. Rev. Stat., ch. 110, par. 2—615(a), as failing to state a cause of action, there being no allegation in any of these complaints of compliance with rule 140.20(c)'s deadline for invoice submission to IDPA.

Further, these pleadings present no issue of material fact in respect to the rule 140.20(c) deadline element, given Claimants' failures to allege that their charges for these services had been invoiced to IDPA within six months following their rendition. This pleading deficiency subjects these actions to Respondent's motion for judgment on the pleadings, as provided in section 2—615(e) of the Civil Practice Law. *Walker v. State Board of Elections* (1977), 65 Ill. 2d 543; *Christensen v. Wick Building Systems* (1978), 64 Ill. App. 3d 908.

In *United Cab Driveurself, Inc. v. State,* we approved the use of the medical-vendor complaint forms and related instructions (available from the deputy clerk of this Court) as a guide to claimants

"in presenting their claims in accordance with Court rules and with IDPA's own regulations and requirements for vendor invoicing." (39 Ill. Ct. Cl. 91, 94.)

When, as here, Claimants fail to aver a single, specific instance of invoicing activity as having occurred prior to the regulatory deadline, this Court concludes that the State has no liability for payment of services which were not so invoiced. Subsection (e) of IDPA rule 140.20 supports this conclusion.

In addition, none of the complaints' allegations were verified under oath by Claimants' attorney, or other person claiming to have knowledge of the matters

stated. Instead, in each instance, the name of the Claimant hospital was written or typed on the complaint, in lieu of a verifier's signature. This is not an acceptable method for complying with sections 790.40(a) and 790.50(a) of the Court of Claims Regulations or with applicable statutes (Ill. Rev. Stat., ch. 37, par. 439.11, ch. 110, pars. 1—109, 2—607), requiring proper verification of statements of fact alleged in complaints filed with this Court.

It is hereby ordered and adjudged that Respondent's motion to dismiss is granted as to each of the seven captioned actions, the Claimants having failed to allege that they had taken any affirmative action to invoice their charges for these services to IDPA prior to IDPA rule 140.20(c)'s deadline. Their complaints are thus substantially insufficient in law, and fail to state a cause of action on which relief may be granted.

That each Claimant is hereby granted leave to petition to amend these claims, or any of them, within 30 days from the filing date of this opinion, if it is able to allege verifiable facts establishing that IDPA had received its invoice charging for any of the services identified in its complaint(s) herein, within six months following the date(s) on which it had rendered said services.

That, if any Claimant fails so to amend its claim or claims within the time herein specified, then upon the expiration of said time period judgment shall thereupon be entered against each such Claimant on each claim not so amended, and for Respondent, as to all issues presented in said claim or claims not so amended, together with the underlying causes of action, in which event said Claimant shall take nothing by said action or actions; and the deputy clerk of this Court shall, without further direction from the Court, thereupon record each such

entry of judgment on the Court's records pertaining to these causes.