(Nos. 92-CC-3321 through 92-CC-3328; 92-CC-3342—

ST. THERESE MEDICAL CENTER, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 24, 1992.*

ST. THERESE MEDICAL CENTER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CYNTHIA J. WOOD, Assistant Attorney General, of counsel), for Respondent.

OPINION

SOMMER, J.

These nine Court actions were filed pursuant to the "law or regulation" provisions of section 439.8(a) of the Court of Claims Act (or "CCA") (Ill. Rev. Stat. 1991, ch. 37, par. 439.8(a)) and section 11—13 of the Public Aid Code (or "PAC") (Ill. Rev. Stat. 1991, ch. 23, par. 11—13). The common issue presented in these vendor-payment actions is whether Claimant hospital's complaints have established a *prima facie* right to receive payment, under the Medical Assistance Program (MAP) administered by the Illinois Department of Public Aid (IDPA), of charges relating to any of nine patient accounts. Respondent has moved for judgment on the pleadings in each of these actions (pursuant to section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615(e))), contending that none of the complaints establishes a *prima facie* right to payment, because in none of these instances does Claimant show that it had complied with the one-year invoice submittal deadline imposed upon medical vendors by IDPA Rule 140.20 (89 Ill. Adm. Code §140.20, reprinted in Topic 141 of IDPA's MAP *Handbook For Hospitals*) and by Federal Medicaid regulation (42 C.F.R. §447.45(d)). Respondent also contends that Claimant's causes of action as to two accounts (Nos. 92 CC 3328 & 92 CC 3342) had previously been barred from prosecution in this Court at the time said claims were filed herein. For reasons explained in this opinion, the Court agrees with Respondent's contentions.

The patient names and related dates of service com-

prising these eight outpatient (OP) and single inpatient (IP) accounts, the dates on which Claimant submitted its related form UB-82 invoices (presenting its account charges) to IDPA, the dates on which the Department received those invoices, and the dates of IDPA's refusal-to-pay notices to Claimant, were as follows:

| Patient Account/ Date(s) of Service (DOS) | Claimant's UB-82 Invoice Submittal Date, as alleged/ Date Invoice Received by IDPA | Date of IDPA's §11—13 Payment-Refusal Notice |
|---|---|---|
| Castillo (OP), No. 92 CC 3324 | submitted October 30, 1991 | |
| DOS: August 21, 1990 | received November 7, 1991 | Dec. 5, 1991 |
| Cofield (OP), No. 92 CC 3322 | submitted March 4, 1992 | |
| DOS: March 7, 1991 | received March 11, 1992 | April 6, 1992 |
| Ford (IP), No. 92 CC 3328 | submitted October 22, 1991 | |
| DOS: September 12-16, 1990 | received October 24, 1991 | Nov. 26, 1991 |
| Horne (OP), No. 92 CC 3326 | submitted January 25, 1992 | |
| DOS: January 25, 1991 | received February 5, 1992 | Feb. 14, 1992 |
| King (OP), No. 92 CC 3323 | submitted January 25, 1992 | |
| DOS: January 12, 1991 | received February 5, 1992 | Feb. 14, 1992 |
| Kirby (OP), No. 92 CC 3342 | submitted April 25, 1991 | |
| DOS: December 14, 1989 | received April 29, 1991 | May 28, 1991 |
| Kuykendall (OP), No. 92 CC 3325 | submitted January 22, 1992 | |
| DOS: November 24, 1990 | received January 29, 1992 | Feb. 11, 1992 |
| Quijada (OP), No. 92 CC 3327 | submitted January 30, 1992 | |
| DOS: November 19, 1990 | received February 7, 1992 | Feb. 18, 1992 |
| Quijada (OP), No. 92 CC 3321 | submitted January 30, 1992 | |
| DOS: November 23, 1990 | received February 7, 1992 | Feb. 18, 1992 |

In each instance, Claimant alleges a single invoice in support of its Court claim. And in each case, that invoice (a) had been received by the Department more than one year following the date on which the services had been rendered; and (b) was refused payment with the rejection-notice message advising Claimant that IDPA "will not consider for payment any UB 82 received for charges more than 12 months from the date of service." (*Handbook For Hospitals*, App. H-15.)

Subsections (c) and (d) of IDPA Rule 140.20 provide as follows:

"(c) To be eligible for payment consideration, a [medical vendor's] vendor-payment [administrative] claim or bill [i.e., invoice], either as an initial or resubmitted [invoice] following prior rejection, must be received by [IDPA], or its fiscal intermediary, no later than twelve (12) months from

the date on which medical goods or services are provided.

(d) [Invoices] which are not submitted and received in compliance with the foregoing requirements will not be eligible for payment under [IDPA's MAP], and the State shall have no liability for payment thereof."

(89 Ill. Adm. Code §140.20, as amended at 13 Ill. Reg. 7799 through 7801, effective May 20, 1989; and see Topic 141.2 of IDPA's MAP vendor *Handbooks* as amended on June 15, 1989.)

The Federal regulation (42 C.F.R. §447.45) imposes a similar deadline, *viz.*, IDPA as Illinois' Medicaid agency "must require [medical vendors] to submit all [invoices] no later than 12 months from the date of service." (*Id.*, §447.45(d), originally published in 44 FR 30344 on May 25, 1979.) Respondent risks its entitlement to Federal Medicaid funding of IDPA's MAP, if compliance with this one-year deadline is not routinely enforced. (See *Peterson v. State* (1990), 43 Ill. Ct. Cl. 347; *Forutan v. State* (1991), 43 Ill. Ct. Cl. 377; *Kim v. State* (1991), 43 Ill. Ct. Cl. 286, and *Lawrie v. Illinois Department of Public Aid* (1978), 72 Ill. 2d 335, 343-44.) Accordingly, this Court has consistently determined that a vendor-claimant's claim does not merit an award, if the vendor has failed to submit a "clean claim" invoice (42 C.F.R. §447.45(b))—or, as here, *any* invoice—to IDPA, within one year following the date on which the charged services were rendered. (*Good Samaritan Hospital v. State* (1982), 35 Ill. Ct. Cl. 379; *Barnes Hospital v. State*, No. 82 CC 708 (order filed Mar. 1, 1982); *Rock Island Franciscan Hospital v. State*, No. 82 CC 899 (order filed May 3, 1982); *St. Joseph Hospital v. State*, No. 82 CC 2440 (order filed Oct. 22, 1984); *Methodist Medical Center v. State* (1986), 38 Ill. Ct. Cl. 208; *Rock Island Franciscan Hospital v. State* (1987), 39 Ill. Ct. Cl. 100; *Franciscan Medical Center v. State*, No. 84 CC 118 (opinion filed Feb. 26, 1988); *Pinckneyville Medical Group v. State* (1988), 41 Ill. Ct. Cl. 176; *Treister & Wilcox v. State* (1989), 42 Ill. Ct. Cl. 185; *Sarah Bush Lincoln Health*

*Center v. State* (1989), 42 Ill. Ct. Cl. 303; *Ryan v. State* (1990), 43 Ill. Ct. Cl. 213; *Ramabrahmam v. State* (1990), 43 Ill. Ct. Cl. 351; *Peterson, Forutan & Kim,* cited *supra*; *St. Francis Hospital v. State* (1992), 44 Ill. Ct. Cl. 157; and *Christ Hospital v. State,* No. 92 CC 18 (opinion filed March 24, 1992).) Applying the provisions of IDPA Rule 140.20(d) to the facts here pleaded in support of these nine accounts, the Court concludes that no State liability exists for paying these accounts.

IDPA records show that Claimant had initially submitted a timely invoice, for patient Ford's September 12-16, 1990 inpatient stay (UB-82 submitted Oct. 19, 1990, received on Oct. 26, 1990), which was not here alleged in Claimant's complaint (No. 92 CC 3328). At the time this initial invoice was submitted, Claimant had not previously forwarded a copy of its private-pay charges to IDPA's local office for adjudication of Ford's September 1990 spenddown obligation, as required (*Handbook for Hospitals,* Topics 105 and H-214.2). As a result, Ford's MAP eligibility during September 1990 had not been established; and Claimant had not received a Split Billing Transmittal (DPA form 2432) from the local office, to submit with its invoice as verification that Ford's September spenddown obligation had been "met." (See *St. Anthony Hospital Medical Center v. State* (1991), 44 Ill. Ct. Cl. 98.) Further, although Claimant's "10-19-90" invoice had designated these, by the code used, as outpatient services—all performed on "09-12-90," the invoice included charges for surgical and medical procedures reportedly performed on "09-13" and "09-14" as well as "09-12." IDPA cited these deficiencies and inconsistencies in its December 4, 1990 notice, which refused payment of this invoice; and the record here shows that Claimant had not remedied these problems by submitting

a corrected rebill-invoice of its charges for Ford's services by September 16, 1991, as required by IDPA Rule 140.20.

Respondent further asserts that, under subsection (1) of PAC section 11—13, the Court lacked jurisdiction to entertain the claim for patient Kirby's services as of June 26, 1992, when that claim (No. 92 CC 3342) was filed herein, because IDPA had issued its payment-refusal notice (in response to Claimant's invoice charging for said services) more than one year prior thereto, on May 28, 1991. Moreover, Claimant was obliged to file its court action as to Kirby's services no later than December 14, 1991 (i.e., within two years following its rendition of those services on December 14, 1989), in order to avoid the jurisdictional bar imposed by subsection (2) of PAC section 11—13 and CCA section 439.22(b). We conclude that the cause of action presented in No. 92 CC 3342 had previously been barred from prosecution, under both subsections (1) and (2) of PAC section 11—13 and CCA section 439.22, when that claim was commenced. (See *Villalona v. State*, No. 91 CC 644 (Opinion filed Feb. 19, 1991) and *Forutan, Kim; Franciscan Medical Center;* and *Pinckneyville Medical Group;* all cited *supra*. Claimant's cause of action as to patient Ford was also barred, by PAC section 11—13 subsection (1), because Claimant filed the related court action (No. 92 CC 3328) on June 26, 1992, more than one year following the date (Dec. 4, 1990) of the payment-refusal notice in which IDPA had responded to Claimant's initial invoice of charges for Ford's September 12-16, 1990 inpatient services.

It is hereby ordered and adjudged: that Nos. 92 CC 3328 and 92 CC 3342 are dismissed as a result of Claimant's failure to commence those two actions within the time prescribed by statute; and judgment on the

376

pleadings as to all issues presented in Nos. 92 CC 3321 through 92 CC 3327 inclusive is entered against Claimant, St. Therese Medical Center, and in favor of Respondent, and said seven claims are also dismissed.