(No. 86-CC-3040— )

ROCKFORD UROLOGY ASSOCIATES, LTD., *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 4, 1993.*

DANIEL L. SWIFT, M.D., *pro se,* for Claimants.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Burke, J.

Dr. Swift served as surgeon, and Dr. Taylor as assistant surgeon, in performing a surgical procedure upon a six-year-old patient, who was then a foster-care (AFDC-F) ward of the Illinois Department of Children and Family Services (DCFS) and a recipient eligible for State-paid medical benefits under the Medical Assistance Program (MAP) administered by the Illinois Department of Public Aid (IDPA). The child also had health coverage available under a group plan with a commercial, "private insurer." (42 C.F.R. §433.136.) The Claimant physicians are here seeking payment from Respondent of the $660 difference between their charges for said surgery and the amounts paid them by the "third party" liability (TPL) insurer (*Id.*). For reasons discussed in our May 24, 1990 decision in *Gupta v. State*, 42 Ill. Ct. Cl. 269, IDPA is the appropriate State agency to respond to this claim. IDPA denies all liability for Claimants' residual charges, contending that the dollar amounts already paid Claimants by the TPL insurer were in excess of the amounts which would have been payable under its MAP if the patient had not had said TPL coverage available.

As described in the Public Aid Code (or PAC (Ill. Rev. Stat. ch. 23, par. 1—1 *et seq.*)), the purposes of IDPA's MAP include those: of providing "a program of essential medical care and rehabilitative services for * * * persons who are *unable, because of inadequate resources*, to meet their essential medical needs" (*Id.*, par. 5—1, emphasis supplied); and of providing "for the develop-

ment, use and coordination of all resources in this State, governmental and private" (*Id.*, par. 1—1) in promoting the health and welfare of all Illinois citizens. In determining the "amount and nature of [State-paid] financial aid [including medical assistance]" which a recipient is to receive, IDPA is to give due regard "to the income, money contributions and *other support and resources available [to the recipient], from whatever source." Id.*, par. 4—2, emphasis supplied; see also the supreme court's reference to a similar requirement in *Lawrie v. Illinois Department of Public Aid* (1978), 72 Ill. 2d 335 at 346.

In accordance with these statutory guidelines, Topic 122 of IDPA's medical vendor *Handbooks* provides that the MAP is "payor of last resort" as to all services for which a third party has primary payment liability. (*Treister & Wilcox v. State* (1989), 42 Ill. Ct. Cl. 185.) Thus, Claimants here properly sought and obtained payment from the recipient's insurer before pursuing payment of their residual charges from IDPA. See Social Security Act, Title XIX, §1902(a)(25) (42 U.S.C. §1396a(a)(25)) and 42 C.F.R. §§433.135 through 433.154.

The fallacy in Claimants' claim lies in the fact that the amounts paid them by the insurer for their respective services exceeded the amounts (as determined by the MAP's payment rates) which IDPA would have paid for said services, in the absence of such TPL coverage. This Court's opinion in *Ryan v. State* (1990), 43 Ill. Ct. Cl. 213, outlines the process followed by IDPA in establishing the rate which it pays for each service performed by physicians. Such rates determine the amounts which IDPA pays when the recipient has no insurance or other resources with which to compensate the vendor.

If, as the supreme court concluded in *Lawrie v. Illinois Department of Public Aid,* the PAC does not authorize payment by IDPA "which would result in payment [from all sources] to the vendor * * * of an amount in excess of [IDPA's] approved rate" (72 Ill. 2d 347), then no IDPA payment is due once Claimants have received more, from the TPL resource, than the Department's rate alone would have produced. Respondent contends that the same limitation, on IDPA's MAP-payment liability, would result here by applying the payment restrictions imposed by a Federal Medicaid statute. (Subsection (a)(25)(C) of 42 U.S.C. §1396a) and implementing regulations (§§433.139(b)(1) and 447.15 of 42 C.F.R., and 89 Ill. Adm. Code §140.12(h).) We conclude that IDPA has no supplemental payment obligation in this case.

It is therefore hereby ordered and adjudged that Respondent's motion for summary judgment is granted; judgment as to all issues is entered against Claimants Swift and Taylor and in favor of Respondent; and this claim is dismissed with prejudice.